EZRA P. BARNARD ET AL. V. LEWIS H. COLWELL.

*Assumpsit for overpayment fraudulently obtained.*

Assumpsit for money had and received to plaintiff's use lies to recover back the amount of the overpayment where a purchaser who had agreed to pay what the property had cost his vendor, found, after paying, that the latter had deceived him as to the amount. The false representation will not support an action for tort.

Costs of the Supreme Court were not awarded on reversal of a judgment of no cause of action, where the substance of a good count in assumpsit had been insisted upon as a count for a tort.

Error to Montcalm. Submitted June 20. Decided June 21.

TRESPASS ON THE CASE. Plaintiffs bring error.

*Charles B. Pratt* and *John C. Fitz Gerald* for plaintiffs in error, cited in support of the declaration *Pickard v. McCormick*, 11 Mich., 75; *Ives v. Carter*, 24 Conn., 392; *Benton v. Pratt*, 2 Wend., 385; *Pendergast v. Reed*, 29 Md., 398; *Somers v. Richards*, 46 Vt., 170; where one who agrees to sell property for what it cost him, obtains more by false representations as to the cost, the purchaser has a good ground of action against him, *Morehead v. Eades*, 3 Bush, 122; 1 Story's Eq. Jur., § 203 *f*; *Green's Adm'r v. Bryant*, 2 Kelly (Ga.), 66; *Van Epps v. Harrison*, 5 Hill, 70; *Page v. Parker*, 43 N. H., 369; *Sanford v. Handy*, 23 Wend., 268; *Willink v. Vanderveer*, 1 Barb., 599; *Matlock v. Todd*, 19 Ind., 134; *Ekins v. Tresham*, 1 Lev., 102; *Risney v. Selby*, 1 Salk., 211; *Bagshaw v. Seymour*, 4 C. B. (N. S.), 873; *Clarke v. Dickson*, 6 id., 453; *Bedford v. Bagshaw*, 4 H. & W., 538; *Paisley v. Freeman*, 2 Smith's Lead. Cas., 186; *White v. Sutherland*, 64 Ill., 181; *Smith v. Countryman*, 30 N. Y., 681; one who makes a contract has an absolute right to rely on express statements of existing facts not known to himself and made by the opposite party as a basis of mutual engagements, *Mead v. Bunn*, 32 N. Y., 280; *McClellan v. Scott*, 24 Wis., 87; *Directors etc. v. Kisch*, 2 H. L., 120; *Hazard v. Irwin*, 18 Pick., 104; *Case v. Ayers*, 65 Ill., 142; *Allen v. Hart*, 72 Ill., 104.

*Ellsworth, Lewis & Sapp* for defendant in error.

COOLEY, J. The plaintiffs filed in this case a declara-

tion on the special case, setting forth that on the 12th day of October, 1875, defendant was the owner of certain real estate which he agreed to sell to the plaintiffs for the same sum of money which he had paid for it, but falsely and fraudulently pretended he had paid for it the sum of four thousand dollars; that plaintiffs agreed to buy said real estate and to pay defendant therefor what he had paid for it, and that deceived by defendant's fraudulent representations they paid defendant the sum of four thousand dollars; that in fact defendant only paid seventeen hundred dollars for said real estate, whereby said plaintiffs have been damnified, etc.

No doubt the pleader intended this as a count for a tort, and insisting upon it as such in the court below, judgment went against him on the ground that no cause of action was alleged. The reason was that the false affirmation relating to the price paid for the land was not one upon which the plaintiffs had a right to rely.

Had the plaintiffs insisted upon their declaration as a sufficient count for money had and received by defendant to their use, probably the ruling in the circuit court would have been different. The recital of facts shows a bargain for the lands at a price measured by the cost, and an overpayment brought about by misinformation, whereby an action arises to demand and receive back what was overpaid. A good cause of action in assumpsit might be better set forth, but the substance is here.

The judgment must be reversed and the cause remanded for trial. No costs are awarded in this court.

The other Justices concurred.