HIDEY *v*. SWAN.

ASSUMPSIT — CONTRACT OF SALE—FALSE REPRESENTATIONS.
A vendor who agrees to accept in part payment shares of stock
at the price paid for them by the purchaser, and who, in reli-
ance on the latter's false representations that he paid a cer-
tain amount therefor, accepts them at such valuation, may
maintain *assumpsit* for the difference between such valua-
tion and the price actually paid by the purchaser.

Error to Isabella; Davis, J., presiding. Submitted
October 6, 1896. Decided December 18, 1896.

*Assumpsit* by John T. Hidey against Marsena D.
Swan to recover a balance due on the purchase price of
real estate. From a judgment for defendant on verdict
directed by the court, plaintiff brings error. *Reversed.*

*O. F. Sheldon*, for appellant.

*Fancher & Sangster* and *F. H. Dodds*, for appellee.

LONG, C. J.    In June, 1894, the plaintiff conveyed to the
defendant lots 1 and 2, block 4, Brown & Deaton's addi-
tion to Mt. Pleasant, for the consideration of $1,600.    The
plaintiff was to accept as part payment for the prop-
erty one-half of 590 shares of stock of the Mt. Pleasant
Manufacturing Works, being of the face value of $10 per
share, at the price per share that the defendant paid for it.
The defendant then and there represented to the plaintiff
that he paid 50 cents on the dollar of the face value for
the stock, and that he would let the plaintiff have it for
just what it cost him; and the plaintiff, relying upon
such representations, accepted one-half of such shares,
being 295, as payment on the property, the same amount-
ing to $1,475.    Subsequently plaintiff learned that de-

fendant did not pay 50 cents on the dollar of the face value for the stock; that he paid only $250 for the whole 590 shares, or $125 for the one-half accepted by the plaintiff. This action is brought to recover the balance due the plaintiff for the land, he claiming it to be the difference between what defendant paid for the stock, and what plaintiff accepted it at by reason of the misinformation given him, the difference being $1,350. On the trial in the court below, it was conceded that the defendant did not pay, directly or indirectly, any greater sum than $250 for the 590 shares. The action is in *assumpsit*, and, after the close of the proofs, defendant's counsel moved the court to strike out the evidence in the case, for the reason that the declaration did not set forth a cause of action. The court then asked plaintiff's counsel:

"What is your measure of damages?

"*Counsel:* What we paid him over and above what the stock cost him.

"*The Court:* Regardless of the fact that the stock may have been worth more than he paid for it?

"*Counsel:* Yes, your honor; that is our position."

The court thereupon directed verdict in favor of the defendant. Plaintiff brings error.

Counsel for plaintiff relies upon the case of *Barnard* v. *Colwell*, 39 Mich. 215. The present case is on all fours with that. There the defendant was the owner of certain real estate, which he agreed to sell to the plaintiff for the same sum of money that he had paid for it, which he claimed and pretended was $4,000. This the plaintiff paid, but he thereafter ascertained that defendant paid only $1,700 for it. In an action of tort to recover this difference, in the circuit, the cause went against the plaintiff. On appeal here, the judgment was reversed, and it was held that the declaration contained a sufficient count for money had and received. It was said by this court:

"The recital of facts shows a bargain for the lands at a price measured by the cost, and an overpayment

brought about by misinformation, whereby an action arises to demand and receive back what was overpaid."

In the present case, all the plaintiff agreed to pay for the stock was what it had cost the defendant. This was the measure of price at which he took it, and any amount over and above that price he could recover back, as this balance of the money was paid under misinformation. The court below was in error in holding otherwise.

The judgment below must be reversed, and a new trial ordered.

The other Justices concurred.