# PAGE FARMERS' ELEVATOR COMPANY v. W. J. THOMPSON.

### (126 N. W. 1009.)

**Fraud — Measure of Damages.**

1. The measure of damages for misrepresenting the price paid for an article by the vendor, in a contract for the sale thereof, wherein he agreed to sell for the price at which he purchased, and thereby induced the purchaser to pay a greater sum than was paid by the vendor, is the difference between the price which he paid and that which he represented he paid and received from his vendee.

**Pleading — Demurrer.**

2. The complaint examined, and it is *held* that the general demurrer thereto `s properly sustained by the trial court.

Opinion filed May 26, 1910.  Rehearing denied June 21, 1910.

Appeal from District Court, Cass county; *Honorable Chas. A. Pollock*, J.

Action by the Page Farmers' Elevator Company against W. J. Thompson.  From an order sustaining a demurrer to the complaint, plaintiff appeals.

Affirmed.

*W. J. Courtney,* for appellant.

Where corporate officers purchase property and resell it to the corporation, and, by false representations as to its cost, receive from the corporation a sum in excess of the purchase price, secretly keeping the difference, they are liable to such corporation for such difference. 21 Am. & Eng. Enc. Law, p. 903, note 2; Aldrich v. Scribner, 154 Mich. 23, 18 L.R.A.(N.S.) 379, 117 N. W. 581.

If defendant offered to sell property for what it cost him, and by false representations induced plaintiff to pay $1,000 in excess of that cost, that sum is the measure of damages.  First Ave. Land Co. v. Hildebrand, 103 Wis. 530, 79 N. W. 753; Teachout v. Van Hoesen, 76 Iowa, 113, 1 L.R.A. 664, 14 Am. St. Rep. 206, 40 N. W. 96; Davenport v. Buchanan, 6 S. D. 376, 61 N. W. 47; Martin v. Veana Food Co. 153 Mich. 282, 116 N. W. 978; Beare v. Wright, 14 N. D. 26, 69 L.R.A. 409, 103 N. W. 632, 8 A. & E. Ann. Cas. 1057; Pitts-

burg Min. Co. v. Spooner, 74 Wis. 307, 17 Am. St. Rep. 149, 42 N. W. 259, 17 Mor. Min. Rep. 226.

*V. R. Lovell,* for respondent.

One who seeks damages for deceit must prove false representations and the amount of damages that he suffered thereby. Brandom v. McCausland, 96 C. C. A. 358, 171 Fed. 403; Smith v. Bolles, 132 U. S. 125, 33 L. ed. 279, 10 Sup. Ct. Rep. 39, 16 Mor. Min. Rep. 159; Rockefeller v. Merritt, 35 L.R.A. 633, 22 C. C. A. 608, 40 U. S. App. 666, 76 Fed. 909; Sigafus v. Porter, 179 U. S. 116, 45 L. ed. 113, 21 Sup. Ct. Rep. 34.

Deceit and injury must concur. Nelson v. Grondahl, 12 N. D. 131, 96 N. W. 299; Alden v. Wright, 47 Minn. 225, 49 N. W. 767.

SPALDING, J. The complaint in this case is as follows:

"(1) Plaintiff for a cause of action herein alleges that it is a corporation organized and existing under and by virtue of the laws of the state of North Dakota, with its office and place of business in the village of Page, in the county of Cass and state of North Dakota.

"(2) That the defendant was a director and the duly elected, qualified, and acting vice president of the said corporation from July 1, 1906 until July 1, 1907.

"(3) That on or about the last day of June, A. D. 1907, while acting as vice president and director of the above-named corporation, this defendant represented to the plaintiff that he had purchased the Minnesota & Western Elevator, located in the village of Page, county of Cass and state of North Dakota, for $6,100; and the said defendant, to induce the plaintiff to purchase said elevator, falsely and knowingly represented to the plaintiff that he had recently purchased this elevator for $6,100, and offered to sell the same to the plaintiff for exactly what it cost him; and to induce the plaintiff to pay this price, falsely and knowingly, and with intent to deceive, represented to the plaintiff at the annual meeting of the directors of the said corporation, that he had purchased the said elevator for the above amount; that said representations were made by the defendant for no other purpose than to induce the plaintiff to pay $6,100 for said elevator; that the plaintiff through its directors, relying upon said false representations of the defendant, believing that his statement was true, agreed to purchase the

20 N. D.—17.

said elevator for the price which the defendant had represented he paid. That the defendant paid only $5,100 for said elevator, and by his fraud and misrepresentation induced this plaintiff to pay $1,000 more than the property was actually worth, and the plaintiff, through its directors, would not have paid more than $5,100 except the defendant had fraudulently and falsely, and with intent to deceive, misrepresented the price which he had paid for said elevator.

"Wherefore, the plaintiff demands judgment against the defendant in the sum of one thousand dollars ($1,000), with interest therefrom and since the 1st day of June, A. D. 1907, besides the costs and disbursements of this action."

To this complaint, the defendant demurred "upon the ground and for the reason that the same does not state sufficient facts to constitute a cause of action." The demurrer was sustained and plaintiff appeals. In the order sustaining it the learned judge who passed upon it gave his reasons for so doing. In substance, they were to the effect that plaintiff had proceeded upon a wrong theory as to the measure of damages, if any, in that on plaintiff's theory it was damaged the difference between what the defendant actually paid for the property and what he represented to plaintiff that he paid for it; and the court held that, notwithstanding the representations made might have been false, the plaintiff should have shown that by the false representations it was induced to pay more than the property was worth; that if it paid $6,100 and the property was worth that sum, it suffered no damage.

It is possible that a cause of action might be spelled out of the complaint, but, if so, we must confess that we are afflicted with the present-day deficiency said to so generally prevail in the art of spelling. While we are of the opinion that the decision of the district court was correct, it was unquestionably based upon an incorrect reason. Had the plaintiff stated facts showing an agreement to sell at the actual price paid by the defendant, and a purchase at that price, and a misrepresentation amounting to $1,000 in the price, at which defendant was overpaid $1,000, there can be no question that the complaint would have stated a cause of action for the recovery of the amount of the overpayment; but after carefully considering the various allegations of the complaint, we are impressed with the conviction that it fails to

state facts warranting a recovery, either on the theory that the measure of damages is the difference between what the defendant paid and what he represented he paid, or between what plaintiff agreed to pay and its worth. As to the measure of damages, the authorities cited by respondent are not in point, but see Hedgen v. Koeffler, 97 Wis. 313, 72 N. W. 745; Pittsburg Min. Co. v. Spooner, 74 Wis. 307, 17 Am. St. Rep. 149, 42 N. W. 259, 17 Mor. Min. Rep. 226; Teachout v. Van Hoesen, 76 Iowa, 113, 1 L.R.A. 664, 14 Am. St. Rep. 206, 40 N. W. 96; Aldrich v. Scribner, 154 Mich. 23, 18 L.R.A.(N.S.) 379, 117 N. W. 581; Barnard v. Colwell, 39 Mich. 215.

It is essential that a complaint in an action for the recovery of money state facts from which can be determined the amount the pleader is entitled to recover, if anything. An analysis of this complaint results as follows: It alleges that defendant agreed to sell the elevator to plaintiff for what it cost him, representing that it cost him $6,100; that plaintiff, relying on his representations as to cost, agreed to purchase for that price; that in fact defendant had only paid $5,100, and by his fraud and misrepresentations plaintiff was induced to pay $1,000 more than the elevator was worth, and that plaintiff would not have more than $5,100 except for the misrepresentations of defendant. The allegations of paragraph 3 are fitting for a complaint in an action to rescind the contract to purchase on the ground of fraudulent representations, but it will be observed that that paragraph only states an agreement to purchase for $6,100. Paragraph 4 does not aid plaintiff's pleading, because, while it alleges inferentially that plaintiff paid for the elevator, it does not state the sum paid, and if resort be had to the allegations that the misrepresentations induced the plaintiff to pay $1,000 more than the property was worth, we have no allegations as to its worth. It follows, taking either horn of the dilemma, that the complaint does not state facts from which the court, in case of default, could determine the amount of the damage. The demurrer admits all the facts well pleaded. It therefore admits defendant agreed to sell to plaintiff for what the elevator cost him, and that plaintiff agreed to purchase at that figure, but that defendant in fact only paid $5,100 instead of $6,100 as represented, and thereby induced plaintiff to pay $1,000 more than the property was worth. But what did plaintiff pay? Or, on the theory of the trial court, what was the property worth?

Can a court infer that the property was worth only $5,100? The allegation is only that appellant entered into an agreement to pay $6,100. The trial court gave appellant permission to amend, but it declined to do so. It is apparent from the reasons for sustaining the demurrer given by the court, that it would have been useless for plaintiff to have amended by stating the omitted facts showing damage amounting to the difference between what it agreed to pay and what, from the briefs and oral arguments, we assume it did pay. In view of this fact, we suggest the propriety of permitting an amendment on the case being remanded.

The order of the District Court is affirmed.

All concur, except Fisk, J., dissenting.

Fisk, J. (dissenting). I feel compelled to differ with the views above expressed. It is perfectly apparent to my mind that the facts alleged in the complaint are amply sufficient to sustain a recovery upon either one of separate and distinct theories. I think the facts alleged are sufficient to support a recovery for damages for the fraud and deceit practised on plaintiff by defendant, and also as for money had and received by defendant to plaintiff's use. That a recovery may be had under the latter theory was expressly held by the Michigan court under facts precisely like those in the case at bar. Barnard v. Colwell, 39 Mich. 215.

By the allegations of the complaint the defendant is sufficiently apprised of the fact that plaintiff claims the right to recover the sum of $1,000 as an excess payment which it was induced to make to defendant through his false representations as to the amount he had actually paid for the elevator. I think the necessary and sole implication to be drawn from the allegations of the complaint is that plaintiff was not only induced by such false representation to agree to pay $6,100 for the elevator, but that it in fact consummated such agreement by the payment of said sum. An agreement to purchase at $6,100 is alleged, and also the fact that plaintiff thereafter actually paid defendant the purchase price. The reasonable inference deducible therefrom is that plaintiff paid the price which it had therefore agreed to pay. The order appealed from should be reversed.