NORRIS v. HOME CITY LODGE NO. 536, INDEPENDENT ORDER OF ODD FELLOWS.

1. FRAUD—VENDOR AND PURCHASER—OPTIONS—PRICE.
   It was fraud for the holder of an option on real property to represent to prospective purchasers that he was the agent of the owner, and that the lowest cash price the owner would accept for the land was $15,000, when in fact he was not the agent of the owner, and the option fixed the price at $11,000.

2. SAME—DAMAGES—INJURY.
   In order to furnish ground for judicial action, fraud and injury must concur.

3. TRIAL—DEFENSES—INCONSISTENT DEFENSES—VARIANCE.
   It was error for the court below to submit to the jury two inconsistent and contrary defenses, one of which was neither alleged in the pleadings nor supported by the evidence.

4. FRAUD—ISSUES—VALUE OF LAND—DAMAGES.
   Where the defense to an action on a promissory note given as part of the purchase price of a piece of land was that plaintiff had fraudulently misrepresented to defendants the price which the owner was willing to take for the land, the question of the value of the land was immaterial.

5. SAME—TRIAL—INSTRUCTIONS—FAILURE TO CALL WITNESSES.
   Where the theory of the defense was that two of the defendants, who had also signed the note, had conspired with plaintiff to deceive and mislead the other defendants, an instruction that plaintiff's failure to call the two defendants to the witness stand might be regarded by the jury as a badge of fraud unless explained, was error.

6. BILLS AND NOTES—LIABILITY—TRIAL.
   Where a note sued upon was not signed by corporate defendants, an instruction by the court that they could not be held liable was correct.

Error to Jackson; Parkinson, J. Submitted June 6, 1918. (Docket No. 48.) Decided September 27, 1918.

Assumpsit by Michael D. Norris against Home City Lodge No. 536, Independent Order of Odd Fellows, and others, on a promissory note. Judgment for defendants. Plaintiff brings error. Reversed.

*Price & Whiting,* for appellant.

*B. E. Brower* (*W. S. Cobb,* of counsel), for appellees.

In this case plaintiff sought to recover $2,000 and interest upon the following note:

"$2,000.          JACKSON, MICH., May 17, 1912.
   "Ninety days from date, for value received we promise to pay Michael D. Norris or bearer, the sum

of two thousand dollars, with interest at six per cent. per annum, payable annually after August 17, 1912.

"TEMPLE COMMITTEE HOME CITY LODGE
I. O. O. F. No. 536.
"A. L. FELLOWS, Pres.
"JAS. GILMORE, Sec.
"FRED C. LOGEMAN, V. P.
"E. W. DUNFEE,
"WARREN O. NEWTON,
"ERNEST T. HARPER,
"M. S. LUTZ."

Two of the signers of the note, Fellows and Logeman, failed to appear and were defaulted. A plea of the general issue was interposed by the other defendants under which they gave notice that they would show that the note in question was given as a part of the purchase price of a certain piece of real estate in the city of Jackson upon which was to be erected an Odd Fellows temple; that they were induced to execute said note by false and fraudulent representations on the part of the plaintiff. These representations consisted in plaintiff asserting:

1. That he was the agent of the Fred Miller Brewing Co., the owner of the property.

2. That the lowest cash price said brewing company would accept for said property was $15,000.

They aver that both said representations were false; that the Fred Miller Brewing Company had fixed a price of $11,000, and that plaintiff had an option thereon for a period of 60 days at said sum, then unexpired, and that he himself wrongfully and fraudulently fixed the price of $15,000; that to accomplish said sale plaintiff entered into a fraudulent conspiracy with defendants Fellows and Logeman, who were members of temple association and Home City Lodge No. 536, and through them induced defendants to believe the alleged false and fraudulent representations aforesaid.

On May 13, 1912, the Fred Miller Brewing Co.

deeded the property in question to plaintiff, Norris, the consideration named being $11,000. On May 17, 1912, plaintiff deeded the same property to one Chas. H. Ruhl, and on the same date said Ruhl sold the same upon land contract to the Home City Lodge No. 536, the consideration named being $8,000. It is apparent that the defendant lodge paid the plaintiff Norris $7,-000 of the purchase price at the time of the execution of the contract. In this sum was included the $2,000 note in suit. At no time after the discovery of the alleged fraudulent representations made by plaintiff did defendants, or either of them, tender back to plaintiff, Norris, the property in question. The corporate defendant purchasing the property has paid approximately one-half of the purchase price and continues in possession. Under the plea of the general issue there was no notice of recoupment. The case was submitted to a jury under a very exhaustive charge and the jury returned a verdict of no cause of action.

BROOKE, J. (*after stating the facts*). A careful perusal of this record convinces us that there was an abundance of evidence tending to show that plaintiff represented to the purchasing committee, who afterwards signed the note in question, that he was acting in the transaction as the agent of the brewing company, indeed, he executed the following receipt:

"$100.00.                          April 20, 1912.
    "Received from Alva Fellows for I. O. O. F. 536, One Hundred Dollars, as payment on Miller Brewing Co. property, balance to be paid on or before May 10th, 1912.
    "Purchase price $15,000.
                          "M. D. NORRIS, Agent.
                    "For Fred Miller Brewing Co."

—in which he so described himself. There is further evidence to the effect that he represented that the sum of $15,000 was the lowest cash price which

the brewing company would accept for the property. It is clear upon the face of the record that both of these representations, if made, were false.

It is the primary contention of plaintiff in this court that the defendants were not entitled, under the pleadings and proof, to have their alleged defenses of fraud and misrepresentation submitted to the jury and that a verdict should have been directed in his favor. This contention is based upon the theory that defendants could not interpose their defenses of fraud unless they could show that the fraudulent representations resorted to by plaintiff induced them to act to their injury; in other words, that defendants upon discovery of the alleged fraud should have rescinded, and having neither rescinded nor shown upon the trial that the property was in fact worth less than the $15,000 paid therefor they are not entitled to interpose the defenses of fraud in this action upon the note. It is asserted that fraud and injury must concur in order to furnish ground for judicial action, citing Elliott on Contracts, §§ 71-91. The soundness of this legal principle is not questioned, but its applicability to this case is denied, under the following authorities: *Barnard* v. *Colwell*, 39 Mich. 215; *Hidey* v. *Swan*, 111 Mich. 161; *Hokanson* v. *Oatman*, 165 Mich. 512 (35 L. R. A. [N. S.] 423) ; *McGough* v. *Hopkins*, 172 Mich. 580. The controlling facts of these several cases are so nearly like the facts in the case at bar, as found by the jury, as to render them indistinguishable upon principle.

Error is assigned upon the following excerpt from the charge of the court:

"It was the duty of Fellows and Logeman, and each of them, as members of the committee appointed for the purpose of purchasing a site for a temple, to act in good faith toward the lodge and other members of the committee, and to aid in purchasing the property in question at the lowest possible price, and if you

believe from the testimony and from the circumstances and facts shown in evidence that Fellows and Logeman, or either of them, had any understanding or agreement with the plaintiff whereby they or either of them was to conceal from the other members of the committee the fact that plaintiff had an option on the property, or that he was to profit to the extent of $4,000 or any other sum by the sale thereof, or that they, said Fellows and Logeman, or either of them, would, by suggestion, argument, persuasion or other means, influence the other members of the committee or the lodge in the purchase of this property, or that they would by any other means whatever aid or assist in bringing about this sale and purchase without disclosing such knowledge, but should suppress it, then I instruct you that plaintiff in this case cannot recover and your verdict must be for the defendants.

"These defendants also claim that even if the charge of conspiracy is not sustained to your satisfaction that plaintiff Norris was himself guilty of such fraud, fraudulent statements or assent to false and fraudulent statements made in his presence and in aid of furtherance of his purposes and expressly or impliedly assented to by him as sustains the charge of fraudulent conduct on his part whereby these defendants are relieved from their contract as makers of this note.

"Among these it is claimed by the defendants that Norris concealed from them the fact he was acting for himself in bargaining for the sale of the property, and also falsely represented to them that he was acting as agent of the Fred Miller Brewing Company in making the sale; that he falsely represented $15,000 was the lowest cash price of that company for the property; that on the contrary he was acting, at least in part, for himself; that $15,000 was not the price of that company but was the price fixed by himself and $4,000 in excess of the company's price; that he thereby forestalled any inquiry by defendants as to his real connection with the deal, or misled them or put them off the track of inquiring as to his personal interest in it, or the real price that the company was willing to take, and that defendants were thereby led

to believe and did believe the property belonged to such brewing company, and so believing they dealt in relation to it as wholly belonging to that company without knowledge of the claimed rights or interests of Norris, and being deceived so assented to its acquisition by the lodge and so made the note in question, not knowing they were paying but $11,000 to the brewing company and $4,000 to Norris, and which they claim had they known these facts they would not have done, but that they were wholly deceived and defrauded.   *   *   *

"If Fellows and Logeman were not deceived by Norris and were not wrongfully and intentionally cooperating with him or conspiring with him, as it has been termed, and were not, or either of them, making any false statements or representations by Norris' procurement or connivance, then Norris is not responsible for what they or either of them said or did to help on the deal, unless there were misstatements calculated to mislead or deceive made by one or the other or both of them in his presence and hearing and not corrected by him.   *   *   *

"But, if there was a design on his part or on the part of Fellows, or Fellows, Logeman, and Norris, acting in concert, not to let the others know for fear it might defeat or interfere with the deal, or affect the price to be paid, or for any other reason of personal advantage to Norris or to Norris and these two men or either of them, and for these reasons they did not communicate their knowledge to the other members of the committee or Norris did not communicate it, then such concealment would be unlawful and fraudulent.

"But, if Norris did mislead Fellows, or Fellows and Logeman, and they in turn, even though innocently, misled their associates or the temple association, believing what Norris had told them, and in consequence of their being so misled the deal was consummated under such misapprehension and in consequence of it, and Norris knew of it, but remained silent, he would be responsible for that and that would be fraud.   *   *   *

"Did Norris in this transaction, acting alone or wrongfully aided by Fellows or Logeman or both, act and talk in carrying on the negotiations so as to lead

the defendants to believe, intending they should believe, and so they did in consequence believe, that $15,000 must be paid to the Fred Miller Brewing Company for this property in question, and pursuant to that belief created in their minds by Norris, intentionally, did they assent to the acquisition of the temple property and as part of the consideration execute this note sued upon in consequence of this belief and the further representation that it was to pay Norris for advancing a like amount of $2,000 to the brewing company to complete payment of the purchase price of $15,000, and were they deceived and misled by this? If so, plaintiff cannot recover and your verdict must be no cause for action.  *  *  *

"To what extent and in what respects, if any at all, Norris, or Fellows and Logeman, if wrongfully conspiring with Norris, made false statements and the extent of the deception, if any, are for you to determine, and the effect or result of these false statements on the minds and consequent action of these five defendants, if any such were made, whether they were deceived to their injury or not, is all for your determination."

The criticism as to this portion of the charge is that it submitted to the jury two inconsistent and contrary defenses, one of which was absolutely unsupported by evidence. It is pointed out that neither in the pleadings nor the proofs did defendants attempt to show that Fellows and Logeman were themselves deceived by plaintiff, but it is asserted that the averments of the notice under the plea, and the evidence introduced tend to support the conclusion that plaintiff conspired with Fellows and Logeman to deceive the other members of the purchasing committee. We are of opinion that the charge upon this point is justly open to criticism. *Way* v. *Root,* 174 Mich. 418, and *Remer* v. *Goul,* 185 Mich. 371.

The court further charged the jury that:

"It would make no difference if defendants believed the property they acquired was actually worth $15,-000, or that it was in fact worth $15,000. It is as

203—Mich.—7.

regards this case wholly immaterial if the property was actually worth $15,000."

Error is assigned upon this portion of the charge. Under the authorities first above cited we think the question of the value of the property is immaterial to the issue. The court further charged:

"Neither Fellows nor Logeman has been produced here to testify. They reside in this city, are business men, are accused by defendants as being concerned with Norris in perpetrating the fraud charged. Under such circumstances you have the right to consider this and assume that if they had been produced and sworn they could not or would not have been of assistance to plaintiff. And as no reason has been shown for not producing them, they being familiar with the transaction as well as interested parties and being within reach of the process of the court, you have the right to regard this as a badge of fraud, unless such failure to produce them is explained."

We think this instruction erroneous. We have been cited to no authorities justifying it. Fellows and Logeman were two of the makers of the note in suit and were named as defendants. The fact that they had been charged by their fellow defendants with having joined the plaintiff in a fraudulent conspiracy does not in our opinion warrant the instruction that plaintiff's failure to call them to the witness stand might be regarded as a badge of fraud.

Error is assigned upon the instruction of the court that the corporate defendants could not be held liable. We think this instruction correct. The note in suit was not signed by either corporate defendant. Error is assigned upon rulings of the court touching the admission or exclusion of testimony. We find no reversible error therein.

For the reasons stated the judgment must be reversed, with costs, and a new trial ordered.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.