STRAUS LAND CORPORATION *v.* DUPUIS.

1. ASSUMPSIT—DECLARATION—NATURE OF ACTION.
   Where a declaration alleged that defendant promised to sell plaintiff certain land at its cost price, but that he charged more than the cost price, and it is expressly stated that the action is in assumpsit to recover the overpayment, and reliance is had upon defendant's promise, the action is one of assumpsit, and it is immaterial that tortious conduct is alleged by way of aggravation.

2. SAME—TRIAL—INSTRUCTIONS—TORT.
   The conduct of the trial court in treating the action as one of fraud and deceit and in instructing the jury that, for plaintiff to recover, the necessary elements of fraud and deceit must be found, *held*, reversible error.

3. SAME—EVIDENCE—ADMISSIBILITY.
   The action being to recover the overpayment, evidence of the value of the land was inadmissible.

Error to Wayne; Law, J., presiding. Submitted June 5, 1919. (Docket No. 43.) Decided October 6, 1919.

Assumpsit by the Straus Land Corporation, Limited, against Dennis R. Dupuis for an overpayment on the purchase of land. Judgment for defendant. Plaintiff brings error. Reversed.

*George E. Brand,* for appellant.

*J. O. Murfin* (*John H. Rodd,* of counsel), for appellee.

BIRD, C. J. Riverview subdivision to the city of Windsor, Canada, was owned in 1914 by defendant and one Dr. Augustus Soper. Because of ill health Dr. Soper went to California in November, 1915, and, after staying there for a time, concluded to remain. He was desirous of disposing of his interest in the

subdivision and defendant was equally anxious that he should, as he wanted a co-tenant who would be helpful to him in managing and disposing of the lots. The opportunity to purchase Dr. Soper's interest was called to the attention of plaintiff, which was a corporation of much experience in buying and selling real estate. It is the claim of plaintiff that defendant offered to sell Dr. Soper's interest at cost price, stating that the cost price was $55,000 and one-half of the mortgage indebtedness thereon, which was approximately $15,300, making the total price $70,300. After investigation the proposition was accepted by plaintiff and the purchase made. Soon afterwards plaintiff learned that the cost price to defendant was not $70,-300, but was $52,300, and it brought this suit in assumpsit to recover the overpayment. A trial of the issues before a jury resulted in a verdict for defendant.

1. Plaintiff's counsel complains because the trial court treated its declaration as one for fraud and deceit. This misconception, it is claimed, led the court into errors respecting the admission of evidence and the instructions to the jury. Plaintiff's counsel throughout the trial insisted that the action was purely one of assumpsit and endeavored to keep the conduct of the case within the theory of assumpsit. The trial court was of the opinion that the action was primarily one of tort, of fraud and deceit, and that while the declaration was in assumpsit it was a good declaration in assumpsit only because section 12350, 3 Comp. Laws 1915, made it so, and that to recover plaintiff must establish a case of fraud and deceit, and after doing so the statute would permit it to recover in assumpsit.

We think it appears from the language of the declaration, which will be found in the margin, that it is a

---

COUNTY OF WAYNE, SS.

And now comes the Straus Land Corporation, Limited, an Indiana corporation, plaintiff herein, by Selling & Brand, its

declaration in assumpsit. It is expressly stated to be in assumpsit and the facts which are set up therein show that assumpsit or a promise is relied upon. Plaintiff counts upon the promise of defendant, not upon his tortuous conduct in falsely representing the cost price. In short, plaintiff says "You promised to sell me a one-half interest in the subdivision at cost price. You did afterwards sell it to me at what you claimed was the cost price. I paid you for it. Since paying you I have learned that you charged me more than the cost price and I want you to make your promise good and refund to me the excess which I paid you over cost price." This is assumpsit and nothing more.

---

attorneys, and complains of Dennis R. Dupuis, of the city of Windsor, county of Essex, province of Ontario, defendant herein, *in a plea of trespass on the case upon promises or assumpsit,* and files this declaration in continuation of suit, the defendant having heretofore been duly summoned.

1. The said defendant was the owner on, to wit, the first day of June, 1916, of an undivided one-half interest in those certain parcels or tracts of land situate, lying and being in the town of Sandwich, county of Essex and province of Ontario, and being composed of lots numbers one (1) to eight (8) inclusive (Description).

2. Said defendant was the owner, as above stated, of an undivided one-half interest and one Doctor Augustus Soper was the owner of the other undivided one-half interest in the premises in the preceding paragraph described, said Doctor Soper being then and now a resident of California.

3. Said premises were incumbered by mortgages, one held by Robert T. Gray, the unpaid balance of which was sixteen thousand six hundred ($16,600) dollars, and four (4) mortgages covering various lots, held by William J. Pulling, the unpaid principal of which was fourteen thousand ($14,000) dollars.

4. The above described property had at one time belonged entirely to the said Doctor Augustus Soper who had sold an undivided one-half interest to the defendant herein.

5. In, to wit, the month of May, 1916, the defendant was introduced to certain of the officers of plaintiff and proposed to plaintiff that the plaintiff buy the undivided one-half interest still remaining in the said Doctor Soper, informing plaintiff,

It shows a reliance upon defendant's promise. The mere fact that matters by way of aggravation are set up does not change the declaration to one of tort. *Hoey* v. *Harty*, 48 Mich. 191. It is clear to us that plaintiff is basing his recovery upon the failure of plaintiff to make good his promise and is not seeking to recover damages for defendant having falsely represented the cost price. Even though it could be said there was an element of tort in the transaction the tort grew out of a contract relation, and when this was the situation at the common law the tort could be waived and assumpsit maintained. 1 Green's Practice, 178. The case under consideration clearly falls

through its officers, that because said Doctor Soper was a sick man, troubled with asthma, who had gone to California and would never return and because there were family ties between said Doctor Soper and defendant, he was willing and glad to help dispose of Doctor Soper's interest without any profit to himself, said defendant; that he (defendant) had an option to purchase the undivided one-half interest of the said Doctor Soper and was desirous of having plaintiff the owner of the other undivided one-half interest in said real estate in place of said Doctor Soper; defendant stated that if plaintiff would buy the undivided one-half interest of said Doctor Soper upon which defendant had such option, he, the said defendant, would let plaintiff have the undivided one-half interest of said Doctor Soper at exactly the price that it would cost him, the said defendant, from said Doctor Soper, and would turn the property over to plaintiff at exactly what he, said defendant, was paying for it.

6. And plaintiff avers that the said defendant represented to plaintiff that the price which he, the said defendant, was paying Doctor Soper was fifty-five thousand ($55,000) dollars in cash, plus the assumption of one-half of the said mortgages on the property, amounting to, to wit, thirty thousand six hundred ($30,600) dollars.

7. And plaintiff avers that it relied upon the representations made by the said defendant as to the price and cost of said property to him and did agree to pay to the said defendant what he asked for said undivided one-half interest, believing that what it was paying to the said defendant was exactly the same amount the defendant was paying to Doctor Soper, as represented by the said defendant.

within the doctrine of the following cases: *Young* v. *Taylor*, 36 Mich. 25; *Barnard* v. *Colwell*, 39 Mich. 215; *Hidey* v. *Swan*, 111 Mich. 161.  See also, *Moore* v. *Middlebaum*, 8 Mich. 449.  Under this view the charge of the court which compelled the jury to find the necessary elements to recover in an action of fraud and deceit was reversible error.

2.  This erroneous view of the character of the declaration was undoubtedly responsible for the other errors which are alleged.  It is complained that proof of the value of the subdivision was admitted in evidence.  This, of course, was inadmissible under the theory that the declaration was in assumpsit to re-

8. And plaintiff paid to the said defendant fifty-five thousand ($55,000) dollars, substantially, in cash, and did assume the one-half of the said mortgages which said one-half amounted to fifteen thousand three hundred ($15,300) dollars, making the total purchase price seventy thousand three hundred ($70,300) dollars, which plaintiff paid to defendant as the purchase price of Doctor Soper's one-half interest in said property.

9. And plaintiff avers that since such purchase, it has learned that by arrangement between said Doctor Soper and the said defendant long prior to the purchase by defendant of Doctor Soper's remaining one-half interest and without regard to the sale thereof, as part of the consideration of the purchase of the first one-half of said property from Doctor Soper, the said defendant had assumed the entire Gray mortgage and that it was incumbent on said Doctor Soper to pay no part of said mortgage and that it was incumbent upon defendant to pay all of said Gray mortgage.

10. Plaintiff further avers that it has since learned that the price paid by defendant to Doctor Soper for the interest sold to plaintiff was forty-five thousand ($45,000) dollars in cash and the assumption and agreement to pay the one-half of the Pulling mortgage which it was incumbent upon said Doctor Soper to pay, making the full purchase price paid by the said defendant to the said Doctor Soper for the undivided one-half interest sold by the said defendant to plaintiff, forty-five thousand ($45,000) dollars plus seven thousand ($7,000) dollars, or fifty-two thousand ($52,000) dollars, the said defendant having received from plaintiff, in cash, or its equivalent, or by the assumption of mortgages, seventy thousand three hundred ($70,300) dollars.

cover the overpayment. *Norris* v. *Home City Lodge,* 203 Mich. 90. Proof of the value of the interest was immaterial. Whether it was worth more or less than plaintiff agreed to pay for it, plaintiff was entitled to have the interest which it purchased at cost price.

3. Other errors are assigned but the consideration of the case thus far will furnish a solution for them. The case must be reversed and a new trial granted, with costs of both courts to the plaintiff.

MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.

The late Justice OSTRANDER took no part in this decision.

---

11. And plaintiff avers that in accordance with the agreement entered into under which plaintiff purchased said undivided one-half interest in said lands from the defendant, plaintiff was to have the same at the price that said undivided one-half interest cost the defendant from Doctor Soper.

12. And plaintiff avers that the said defendant, by his misrepresentations, obtained from plaintiff, to wit, eighteen thousand three hundred ($18,300) dollars, more money than he was entitled to under said agreement, all of which came to the knowledge of the plaintiff after it had paid over said moneys to said defendant.

13. And thereupon, the said defendant, afterwards, and on, to wit, the first day of November, 1916, in consideration of the premises respectively, then and there promised the plaintiff to pay to it the said sum of money so overpaid by plaintiff to defendant on request. That the said defendant has disregarded his said promise and has not, although often requested so to do, paid any of the sums of money, or any part thereof, to the plaintiff's damage of twenty-five thousand ($25,000) dollars, and, therefore, it brings suit.