BALOYAN v. FURNITURE EXHIBITION BUILDING CO.

1. FRAUD—MEASURE OF DAMAGES.
   Damages for fraud in misrepresentation of value of rent would be difference between real and represented value, and if there was no difference no recovery could be had.

2. SAME—QUESTION FOR JURY.
   Whether lessor stated to lessee that he could have lease at rental paid by another, falsely representing said amount, and whether said representation was inducing cause of lessee's executing lease at said rental, *held*, questions of fact for jury, under evidence.

3. SAME—ACTIONABLE FRAUD.
   If lessor agreed to let lessee have lease at rental paid by another tenant, and falsely represented rental paid by him, and lessee was thereby induced to execute lease, said fraud would be actionable, and he could recover excess paid.

4. SAME—ACTION FOR FRAUD—TORT.
   Where lessee was fraudulently induced to execute lease and pay excessive rental, recovery could be had in action for fraud.

5. SAME—STATEMENT OF FACT.
   Lessor's false representation that another tenant was paying $4,000 per year rental and that plaintiff could have lease at same rate, when in fact said tenant was paying only $3,000 per year, while promissory in form, would be, in effect, statement of fact if it was inducement of lease, and therefore actionable.

6. SAME—INSTRUCTIONS—DAMAGES.
   Although court correctly instructed jury that plaintiff's right to recover, if at all, was upon defendant's representation that another tenant was paying $4,000 rent, when in fact he was paying only $3,000, additional instruction permitting recovery on basis of difference between real and represented value was error, where undisputed evidence showed that there was no difference and that rent was worth what plaintiff paid, especially in view of plaintiff's testimony that rent was too high and of his efforts at reduction before executing lease.

On right to rely on representations as question for jury, see annotation in 37 L. R. A. 615.

7. Same—Witnesses—Evidence—Similar Representations.
   In lessee's action against lessor for false representations induc-
   ing execution of lease at excessive rental, evidence of similar
   representations to another, *held*, competent upon intent and
   credibility.

Appeal from Kent; Brown (William B.), J. Sub-
mitted January 7, 1932. (Docket No. 69, Calendar
No. 36,155.) Decided April 4, 1932.

Case by Alfred M. Baloyan against Furniture
Exhibition Building Company, a corporation, for
fraudulent representations in making a lease. Ver-
dict and judgment for plaintiff. Defendant appeals.
Reversed, and new trial granted.

*Linsey, Shivel & Phelps (John H. Vander Wal,* of
counsel), for plaintiff.

*Butterfield, Keeney & Amberg,* for defendant.

Fead, J. Defendant leases and sublets the Waters-
Klingman Building in Grand Rapids. Some years
ago plaintiff occupied a store in it for about a month.
In December, 1926, he negotiated with defendant's
representative, Mr. Masten, for a lease of a store.
He said Mr. Masten told him:

"that Mr. Philbrick was paying $4,000 a year for
each store, making a total of $8,000, and that if I
wanted one store I could have one at the same rate
which he had given Mr. Philbrick for two stores,
namely $4,000 a store. I told Mr. Masten that I was
surprised—that previously I had rented the two
stores at $10 a day, or $300, and I was surprised to
find him asking now more for one store than I had
rented two stores for temporarily, and he said that
was the rate now, and if I wanted the store at the
price he had given Mr. Philbrick two stores for, I
could have it."

Philbrick was paying $6,000 rental, at the rate of $3,000 per year per store. Plaintiff testified Masten told him that another party, Mathews, was paying $4,000 per year. This was true. He stated he asked Philbrick what rent he was paying, and Philbrick said he would not tell him, as he had promised Masten to keep it confidential.

Plaintiff was reluctant to sign a lease at the rental asked because he thought it was too high, but Masten told him he could not lease for less. Plaintiff took possession and paid rent from month to month until March 1st. In the meantime, he and Masten had several conversations, in which plaintiff attempted to convince Masten that the rent demanded was too high, but Masten refused to make a lease at a lower rental, and plaintiff claims Masten told him several times that he could have the store at the same rate Philbrick was paying, that Philbrick was paying $4,000. Plaintiff said he was induced by these representations to execute the lease.

The lease is dated March 1, 1927, and runs for five years at $4,000 per year. Plaintiff paid rent to about January 1, 1931. He sought to be released from the balance of the term, but defendant would not consent and pressed him for the rent due. Plaintiff claims that about March 1st he ascertained Philbrick was paying at the rate of $3,000 per store per year. Shortly thereafter he began this action in fraud. The testimony is undisputed that plaintiff's rent was worth $4,000 per year.

Plaintiff had verdict of a jury for an overcharge of $1,000 per year, less rent owing. The principal issue is upon the character of the representations and the measure of damages.

Masten's statement that Philbrick was paying $4,000 per year, standing alone, would be, at most, a

representation of value. The measure of damages for fraud therein would be the difference between the real and represented value. As the undisputed testimony was that there was no such difference, plaintiff, having shown no damages, could not prevail on this issue.

To recover, plaintiff needs the additional representation that he could have the store at the rate of rental paid by Philbrick. No cases in point have been cited or found, but the situation is analogous to one where a vendor agrees that he will sell at cost to him. In such case, it is settled that the purchaser, if defrauded, may recover the excess of the price he paid over the cost to seller. *Barnard* v. *Colwell,* 39 Mich. 215; *Hidey* v. *Swan,* 111 Mich. 161; *Hokanson* v. *Oatman,* 165 Mich. 512 (35 L. R. A. [N. S.] 423); *Strachan* v. *Meyering,* 168 Mich. 253; *McGough* v. *Hopkins,* 172 Mich. 580; *Norris* v. *Home City Lodge,* 203 Mich. 90.

The gist of these cases is that the value of the property was not material, because the sale was not made at a price representing or based upon value, but the sole criterion of the purchase price was the cost to seller. So the measure of damages was the difference between such cost and the price paid by the purchaser. *Norris* v. *Home City Lodge, supra.*

Statements by Masten that plaintiff could have a lease at the rental paid by Philbrick, and that Philbrick was paying $4,000, could be construed and relied upon as representations of value for which, under the evidence, plaintiff would not be entitled to recover. On the other hand, they could be taken as constituting the inducement of a lease in which the rate paid by Philbrick was to be the sole criterion of the rental charge, and, therefore, under the above authorities, actionable. Upon the testimony, whether

the statements were made and their character and effect upon the lease were for the jury.

Defendant, however, contends that the authorities do not permit an action of fraud, but that recovery must be had in assumpsit for money had and received. *Barnard* v. *Colwell, supra.* The intimation to that effect was declared *dictum* in *Hokanson* v. *Oatman,* and recovery was had for fraud and deceit, although in an action of assumpsit under the statute. The later cases cited recognized the propriety of an action in tort. See, also, 35 L. R. A. (N. S.) 175, note; L. R. A. 1916 F, 782, note.

Defendant's contention that an agreement to rent to plaintiff at the rate charged Philbrick could not be an element of fraud because it would be purely promissory, is not tenable. While promissory in form, it would be, in effect, a statement of fact if it was the inducement of the contract. The promise and statement of the rent paid by Philbrick would be projected into the lease and amount, in law, to representations that the lease as made was at the rate paid by Philbrick.

Several errors are assigned on the charge of the court, but, while some instructions were objectionable in view of the closeness of the issues, they do not require individual attention. On the whole, the charge emphasized plaintiff's right to recovery upon the representation that Philbrick was paying $4,000 rent. It was not until the conclusion of the charge, and at the suggestion of counsel, that the other element was presented to the jury. In view of the character of plaintiff's testimony, especially his protest that the rent was too high, and of his efforts at reduction of rent for months before executing a lease, we think the charge did not sufficiently point out the distinctions to be drawn from the representations

claimed to permit the jury to appreciate them, and defendant is entitled to a new trial.

Complaint is made of evidence of similar representations to Mathews taken on impeachment of Masten. In this State such testimony is competent upon intent and credibility. *Stowe* v. *Mather,* 234 Mich. 385; *Radloff* v. *Ruggles Motor Truck Co.,* 229 Mich. 139.

Complaint is also made of testimony of a conversation between Masten and plaintiff shortly before suit. We find the testimony neither competent nor prejudicial.

Judgment reversed, and new trial ordered, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.