MODERN DISPLAYS, INC., *v.* HENNECKE.

1. REFORMATION OF INSTRUMENTS—MISTAKE—FRAUD.
    Mistake or fraud may be a proper ground for reformation of a contract or other legal instrument.

2. SAME—MISTAKE—FRAUD—EVIDENCE.
    The party seeking reformation of an instrument on the ground of mistake or fraud has the burden of establishing his basis for relief by clear and satisfactory proof.

3. FRAUD—PRESUMPTIONS—INFERENCES—EVIDENCE.
    Fraud will not be presumed and cannot be lightly inferred, but must be established by a preponderance of evidence.

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur, Reformation of Instruments § 45 *et seq.*
[2, 3] 45 Am Jur, Reformation of Instruments § 112.
[4] 45 Am Jur, Reformation of Instruments § 116 *et seq.*

4. Reformation of Instruments—Sublease—Fraud—Evidence.
Sublessee seeking reformation of sublease so that it would pay
the same rent as defendant lessee paid to the lessor *held*, to
have failed to sustain its burden of proof of fraud, there
being evidence to support the trial court's conclusion that
during negotiations defendant lessee had represented that the
sublessee's rent was based on the cost of the lease to the
lessee, rather than merely the rent paid to lessor, and it appears
that lessee had expended substantial sums for repairs and
improvements on the premises beyond the amount lessor had
allowed therefor under the lease.

Appeal from Wayne; Edwards (George), J. Submitted June 4, 1957. (Docket No. 3, Calendar No. 46,797.) Decided October 7, 1957.

Bill by Modern Displays, Incorporated, a Michigan corporation, against James Hennecke, individually, and the McMahon-Hennecke Corporation, a Michigan corporation, to reform written lease and determine damages. Bill dismissed. Plaintiff appeals. Affirmed.

*Platt & Platt* (*Henry A. Platt*, of counsel), for plaintiff.

*William J. McBrearty* and *Patrick J. Keating*, for defendants.

Carr, J. Plaintiff corporation brought suit in circuit court seeking a decree for the reformation of a written lease, and for damages claimed to have been suffered by it. The premises involved were leased by the Buhl Land Company to James Hennecke and Associates, Inc., in 1948, for a term of 10 years, expiring March 14, 1958. Subsequently the lessee changed its corporate name to McMahon-Hennecke Corporation, one of the defendants herein. Said defendant occupied the premises for approximately 5 years and then, for reasons not material here,

discontinued its operations in the leased building. Plaintiff, being desirous of obtaining space for its business requirements, learned that the corporate defendant wished to lease, or sublease, the premises in question, and through its president and vice-president entered into negotiations therefor. The result was a sublease for a term commencing August 1, 1953, and ending March 14, 1958, at a monthly rental of $1,500. Other provisions of the instrument executed by the parties are not material.

Plaintiff took possession of the premises leased by it and paid the stipulated monthly rental. It is its claim that in April, 1954, it learned for the first time that certain statements made to its representatives by defendant James Hennecke, acting in the negotiations on behalf of the corporate defendant, were not true. The instant suit was then instituted, plaintiff alleging in its bill of complaint that defendants had been guilty of fraud, that they had represented that the building on the leased premises had 20,000 square feet of floor space, and that the monthly rental in the sublease was the same rental that defendant corporation had paid to the Buhl Land Company under its lease therefrom. The pleading asserted that said statements were material in inducing plaintiff to enter into the agreement which it now seeks to have reformed. Plaintiff further averred that, for business reasons, it did not seek rescission, relying on the theory that in equity and good conscience it was entitled to have its undertaking reformed in such manner that its terms would comply with the alleged statements made to it by the representatives of the corporate defendant in the course of the negotiations.

It was further alleged that the statement as to floor space as charged in the bill was untrue and that, in fact, the total floor area was approximately 18,000 square feet. It was further set forth as the principal basis for the relief sought that defendant corpora-

tion was not in fact paying $1,500 monthly rental to the Buhl Land Company under its lease, and that the actual amount of such monthly payment was $1,074.-27. In accordance with its claims as to the facts and the applicable principles of equity plaintiff. asked that the lease be so changed as to provide for the payment of monthly rental for the balance of the term of said lease in the sum claimed to have been paid by defendant corporation to its lessor, and that a proper adjustment be made because of the claimed difference between the represented floor space and the actual inside area.

Defendants filed their answers to the bill of complaint, in substance denying that any material misrepresentations had been made with reference either to floor space or monthly rental in order to induce plaintiff to execute the lease. A cross bill was also filed by the defendant McMahon-Hennecke Corporation, asserting that it had expended the sum of $925 for the repair of smokestacks on the leased building, which amount it was entitled to recover from plaintiff. After listening to the proofs of the parties the trial judge concluded that plaintiff had not sustained the burden of proof resting on it and was therefore not entitled to the equitable relief sought, and that under the facts cross plaintiff was not entitled to relief. A decree was entered accordingly. Plaintiff has appealed from the finding therein set forth with reference to the alleged representation as to the monthly rental that the McMahon-Hennecke Corporation was paying to the Buhl Land Company, expressly stating in its claim that it was not appealing from the provision of the decree pertaining to the alleged misrepresentations to it concerning the floor area. Cross plaintiff has not appealed. The factual issue before us, in consequence, has reference solely to appellant's claim that misrepresentations were made on behalf of the corporate defendant with

reference to the rental paid by it to its lessor, and that it was stated, as an inducement to the execution of the lease, that the monthly rental payable by plaintiff would be in the same amount the corporate defendant had been paying.

On the trial of the cause in circuit court plaintiff introduced testimony of its representatives in the negotiations for the sublease in support of the claims set forth in its bill of complaint that defendants had been guilty of fraud in the transaction. Said witnesses testified in substance that it was stated to them by defendant Hennecke that the McMahon-Hennecke Corporation was paying $1,500 per month rental to the Buhl Land Company and that the sublease would be made on that basis. Plaintiff's president, after testifying with reference to the making of such statements by defendant Hennecke, further stated:

"He said that was the amount of his obligation and all he wanted to do was to get rid of that."

On behalf of defendants the making of said representations in the form claimed by plaintiff was disputed. It was claimed in their behalf that defendant corporation had made certain improvements in the building, the aggregate cost of which approximated $23,000. The following excerpt from the testimony of defendant Hennecke fairly represents the position taken:

"When Mr. Van Houten asked me about the rent we were asking, and I replied $1,500 per month, he wanted to know if we couldn't do a little better. I said that the cost of our lease from the Buhl Land Company, plus the cost of our leasehold improvements developed into that figure. At that particular time I explained we had approximately $23,000 worth of leasehold improvements in the building, and, if he was interested we could work out an ar-

rangement whereby he could purchase the leasehold improvements from us, and I felt quite confident that he could then deal directly with the Buhl Land Company."

The witness further claimed that the rent figure of $1,500 was reached by amortizing the cost of the rent plus the cost of the improvements.

A supplement to the Buhl Land Company lease required the lessee to perform certain work at the expense of the landlord, subject to the provision that all such costs over $10,000 should be borne by the lessee, the various items being listed as follows:

"(a) Paint the entire building, inside and outside.

"(b) Repair the floor so that same is in good usable condition.

"(c) Install an overhead door between the second section and the north wing.

"(d) Install glass office partitions to the ceiling at places approved by both landlord and tenant.

"(e) Make such repairs as are required to place the heating system in good workable condition, including stacks as a part thereof."

Whether other improvements were made does not affirmatively appear. It is not disputed, however, that defendant McMahon-Hennecke Corporation expended the amount claimed by it in performance of its lease. Plaintiff offered no testimony on the trial as to the actual cost, including rental paid, to the defendant corporation. It relies on its claim that statements were made to its representatives during its negotiations that McMahon-Hennecke Corporation was paying $1,500 per month by way of rental and that it would sublease to plaintiff on the same basis. The trial court determined the issue as to what was actually said in connection with the matter in favor of defendants' claim, concluding that defendant Hennecke referred to the *cost* to the lessee

under the Buhl Land Company lease, rather than to the monthly *rental* paid without reference to additional expense.  Such finding is in accord with the theory of the defendants that the statements actually made were merely representations as to the fair value of the contemplated lease.

This Court has recognized that either mistake or fraud may be a proper ground for reformation of a contract or other legal instrument.  *Heath Delivery Service* v. *Michigan Mutual Liability Co.,* 257 Mich 482.   Where either of such bases is relied on the burden is on the party seeking relief to establish by clear and satisfactory proof the facts on which he, or it, relies.  In *Stevenson* v. *Aalto,* 333 Mich 582, 589, it was said:

"In order to decree the reformation of a written instrument on the ground of mistake, that mistake must be mutual and common to both parties to the instrument.   The burden of establishing such mistake is upon the party who seeks reformation.   The evidence must be convincing and must clearly establish the right to reformation.  *Schuler* v. *Bucuss,* 253 Mich 479; *Sobel* v. *Steelcraft Piston Ring Sales, Inc.,* 294 Mich 211; *Emery* v. *Clark,* 303 Mich 461."

In *Collins* v. *Norris,* 314 Mich 145, in which plaintiff sought a decree because of alleged fraud, it was held that:

"One asserting right to relief in court because of alleged fraud on the part of defendant, has the burden of establishing such fraud." (Syllabus 3.)

"Fraud will not be presumed and cannot be lightly inferred, but must be established by a preponderance of evidence." (Syllabus 4.)

Plaintiff cites and relies on *Baloyan* v. *Furniture Exhibition Building Co.,* 258 Mich 244.   There plaintiff brought an action at law for damages, claiming fraudulent representations by defendant in the mak-

ing of a lease. He had verdict and judgment in the trial court, which was reversed on appeal. As in the case at bar, there was no showing on behalf of the plaintiff that the amount of rental actually provided for by plaintiff's lease from defendant was not consistent with the actual value. This Court, in reaching the conclusion indicated, pointed out that if the statements claimed to have been made on behalf of defendant were construed as a representation of value plaintiff was not entitled to recover. His right to do so depended on his establishing that it was represented to him by defendant's agent that his rental was fixed solely with reference to the monthly payment made by another lessee. The testimony being in dispute as to what was actually said during the negotiations it was held that it was for the jury to determine the disputed issue under proper instructions from the court. In the case at bar the trier of the facts accepted defendants' version of the conversation of the parties, and determined the case accordingly. We think the record fully sustains the conclusion reached as to what occurred at the time the sublease was negotiated, and that, under prior decisions of this Court, plaintiff did not sustain the burden of proof resting on it.

The decree entered is affirmed. Defendants may have costs.

Dethmers, C. J., and Sharpe, Smith, Voelker, Kelly, and Black, JJ., concurred.

Edwards, J., did not sit.