STEELE *v.* SHAFFER.

1. CANCELLATION OF INSTRUMENTS—PARTY ALLEGING FRAUD HAS BURDEN OF PROOF.

In a suit to set aside a sale of real estate on the ground of fraud, the burden of proof is on the plaintiffs.

2. APPEAL AND ERROR—SUPREME COURT HEARS CHANCERY CASES DE NOVO—FINDING OF FACT BY TRIAL JUDGE HELPFUL BUT NOT CONTROLLING.

While the Supreme Court hears chancery cases *de novo*, and is not controlled by the finding of fact of the trial judge, the fact that he had the advantage of seeing the witnesses and hearing them testify in open court should not be overlooked, and his opinion as to their credibility while not controlling is always helpful.

3. FRAUD—NOT PRESUMED BUT MUST BE PROVED.

Fraud is never presumed, but must be proved by a preponderance of the testimony.

4. APPEAL AND ERROR—FRAUD NOT PROVED BILL PROPERLY DISMISSED.

Where, upon appeal, the record fails to show that alleged fraud was proved, the decree of the court below dismissing the bill, is affirmed.

Appeal from Leelanau; Gilbert (Parm C.), J. Submitted January 5, 1928. (Docket No. 73.) Decided February 14, 1928.

Bill by Walter B. Steele and another against Howard S. Shaffer and others to set aside a sale of real estate on the ground of fraud. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*George S. Lovelace,* for plaintiffs.

*Cross, Foote & Sessions,* for defendants.

[1]Cancellation of Instruments, 9 C. J. § 189; [2]Appeal and Error, 4 C. J. § 2868; [3]Fraud, 27 C. J. § 170; 33 L. R. A. (N. S.) 837; 12 R. C. L. 424; 5 R. C. L. Supp. 644; [4]Appeal and Error, 4 C. J. § 2869.

FELLOWS, J.    In the latter part of 1925 and the fore part of 1926, there was considerable activity in Muskegon in lake frontage on Lake Michigan.    Defendant Page is a dentist, defendant Shaffer a real estate dealer.    They had an option from defendants Fagan and Larsen of some lake frontage in Leelanau county.    Plaintiffs are dentists and purchased the Leelanau county property of defendants Page and Shaffer in February, 1926.    We are satisfied that none of these parties had seen the property before the sale.    The purchase was for resale.    The only question in the case is one of fact, *i. e.*, whether defendants, and particularly Dr. Page, represented that the frontage had a sandy beach.    Plaintiffs affirm and defendants deny that such representations were made, Dr. Page particularly testifying that in reply to an inquiry by plaintiffs on that subject he stated that he did not know, that he had never seen the property.    We may assume from this record that each of the parties is a man of probity and high standing in the community, as each one so concedes of his opponent.    Indeed, the case presents little of acrimony common to lawsuits.

The burden was on the plaintiffs to establish their case.    The trial judge who heard and saw the witnesses held that they had not met the burden and dismissed their bill filed to set aside the transaction.    A careful reading of the testimony in this record is not persuasive that we should reach a different result. While we hear chancery cases *de novo* and are not controlled by the finding of fact of the trial judge, we should not overlook the fact that he had an advantage we do not possess, that of seeing, hearing the witnesses in open court.    While not controlling, his opinion as to their credibility is always helpful.

Fraud is never presumed; it must be proven by a

preponderance of the testimony.    We can not upon this record find that it has been so proven.

The decree must be affirmed, with costs.

NORTH, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.