MARGOLIS v. BENTON.

1. SPECIFIC PERFORMANCE — BROKERS — EVIDENCE — PRINCIPAL AND AGENT.

Brokers who negotiated written contract of purchase and who obtained $2,000 of the down payment from purchasers *held*, to have been agents of the vendors under record presented, including admission at pretrial hearing that "their agent" was holding the down payment which had not been tendered back to the plaintiffs, hence, there was no merit to vendors' claim that the broker was not their agent or that the broker did not represent the vendors in the transaction.

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur, Brokers § 59 *et seq.*
[2, 5] 49 Am Jur, Specific Performance § 47.
[3] 19 Am Jur, Equity § 43.
[4] 2 Am Jur, Agency § 384 *et seq.*

2. SAME—FRAUD—EVIDENCE.

   Record in suit for specific performance of written agreement for sale of apartment building *held,* devoid of proof that plaintiff purchasers were a party to any forgery by trick or that plaintiffs were guilty of fraud interposed as a defense.

3. FRAUD—EVIDENCE.

   One seeking relief on the ground of fraud must establish it by clear and convincing proof.

4. PRINCIPAL AND AGENT—FRAUD—EVIDENCE—PARTIES.

   A third person who deals with an agent, is not liable to the principal for a fraud perpetrated by the agent upon his principal in that transaction unless such third person was a party to the fraud.

5. SPECIFIC PERFORMANCE—FRAUD—EVIDENCE—PARTIES.

   Defendant vendors may not escape specific performance of written agreement for sale of brick apartment building for $70,-000 with $20,000 down and balance on land contract on ground that it was their understanding the entire sale was for cash, where there is no showing whatever that plaintiff purchasers participated in any way in the fraud arising from conspiracy claimed to have been practiced upon the vendors.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted June 8, 1955. (Docket No. 14, Calendar No. 46,443.) Decided October 3, 1955.

Bill by Morris D. Margolis, Betty Margolis and Ann Erman against William Benton, Josina Benton, John L. Niesse and Jessie L. Niesse for specific performance of agreement to sell real estate. Decree for plaintiffs. Defendants Benton appeal. Affirmed.

*Silverston & Kabatsky,* for plaintiffs.

*Hugh K. Davidson* and *Joseph A. Lang,* for defendants.

BOYLES, J. On August 4, 1952, plaintiffs Morris D. Margolis and wife and Ann Erman admittedly signed a written offer agreeing to purchase from

the defendant owners, William Benton and wife, a certain brick apartment building in Detroit, for $70,-000. The terms were to be $20,000 down and a land contract for the balance, to be paid in monthly instalments. On the same date defendants William Benton and wife signed an acceptance of the offer, in writing, in accordance with its terms. Two thousand dollars was paid by plaintiffs to the defendants' real-estate broker, and receipted for, as provided in the terms of the agreement, to be applied on the purchase price.

Defendants Benton and wife refused to carry out the agreement, and the plaintiffs thereupon filed a bill of complaint for specific performance. Defendants Benton and wife then conveyed the premises in question by quitclaim deed, to defendants Niesse and wife, and this gave occasion for plaintiffs to file an amended bill of complaint naming them as parties defendant on the ground that they were not good-faith purchasers and asking that they be decreed to hold title subject to plaintiffs' interests. Defendants Niesse and wife defaulted, and their deed was eliminated in the final decree. In their answer, defendants Benton and wife claimed that their signatures had been obtained "under circumstances amounting to fraud by trick," and denying that the plaintiffs were entitled to any relief in court.

The trial court heard the case, took testimony, and entered a decree for the plaintiffs. The defendants appeal.

To sustain their claim of "forgery by fraud" or "fraud by trick," the defendants-appellants claim that the terms of the agreement on which plaintiffs rely were not those agreed upon by the parties,

"that the only agreement which the defendants herein ever discussed in connection with the property

\* \* \* (involved herein) was upon the basis of the said property being sold for $70,000 cash."

Throughout the entire transaction the defendants Benton and wife were represented by Distin & Short, Inc., real-estate broker and member of the Detroit real-estate board. Defendants Benton and wife had originally employed this broker in 1951 to sell the property for them by a "listing" signed by both Benton and wife, granting to the said broker the exclusive right for 90 days to offer said property for sale. The offer and acceptance between Margolis and wife and Benton and wife were signed in the broker's office, on forms supplied by the broker. The receipt for the down payment of $2,000 on August 4th was signed only by the broker. The defendants' acceptance of plaintiffs' offer to purchase was signed on August 4th by William Benton and wife. It was addressed "to the above-named purchaser and broker" [Morris D. Margolis and Betty Margolis (purchaser), and Distin & Short, Inc. (broker)]. It stated:

"Upon consummation seller agrees to pay the above broker a commission of 5% 1st $25,000; 3% balance per cent of the sale price. The receipt of the above-mentioned deposit money on account of the purchase price is acknowledged, which deposit is to be held by (seller) (broker) in accordance with paragraph 11 above. If the deposit money is forfeited for nonperformance by purchaser, the seller agrees that 1/2 of such deposit shall be paid to the broker (not exceeding the amount of commission) for services rendered."

On the same day the payment of the $2,000 down payment agreed upon was made by check signed by plaintiff Morris Margolis, payable to the broker by name, and indorsed on the reverse side:

"Deposit on purchase of property located at 2504 Crane ave., Detroit, Mich."

Furthermore, the pretrial statement before a circuit judge shows that the defendants admitted that the broker was their agent, as follows:

"The defendants admit signing the acceptance of offer; admit that their agent is holding the sum of $2,000 down payment, which has not been tendered back to the plaintiffs."

There is no merit whatever in the defendants' attempt to claim that Distin & Short, Inc., real-estate broker, was not their agent, or that said agent did not represent the defendants in the transaction with the plaintiffs. The record is devoid of any proof that the plaintiffs themselves were a party to any "forgery by trick," or that the plaintiffs themselves were guilty of fraud.

This Court on many occasions has stated that one seeking relief in chancery court on the ground of fraud must establish it by clear and convincing proof. *Zimmerman* v. *Feldman*, 217 Mich 390; *Gardner* v. *Gardner*, 311 Mich 615; *Grimshaw* v. *Aske*, 332 Mich 146; *Broaden* v. *Doncea*, 340 Mich 564.

The trial judge correctly analyzed the situation as follows:

"There is no fraud possible on the part of the Margolises. The only one that defrauded them, if anybody,—and I don't think anybody did,—would be their own broker. And there is no testimony that would induce me to believe they defrauded them. They just changed their minds. That is all, as far as I can see."

In their brief, the appellants, after attempting to claim that the broker was not their agent, suggest that their agent, the broker, might be guilty of "forgery by trick." They say:

"The brokers were not agents of the defendants. They could not bind the defendants in any way. * * * The real-estate brokers are interested parties; they will be entitled to a commission only if this contract is declared to be legal and binding."

There was a complete absence of any testimony that the plaintiffs were in any way parties to a fraud, if any, perpetrated by defendants' agent. Absent such proof, plaintiffs would not be liable.

" 'A third person, however, who deals with an agent, is not liable to the principal for a fraud perpetrated by the agent upon his principal in that transaction unless such third person was a party to the fraud.' Mechem, Agency (1st ed), § 796." *Johnson* v. *Wolfe,* 223 Mich 10, 16.

The defendants-appellants, in support of the claim that plaintiffs were guilty of "forgery by trick," rely on *Horvath* v. *National Mortgage Co.,* 238 Mich 354 (56 ALR 578). In that case the plaintiff, a Hungarian woman, with little knowledge of the English language, was induced by the defendant, also a Hungarian, to sign a power of attorney giving him authority to manage her real estate or sell it as he saw fit. He also procured her signature to a warranty deed. The defendant was a well-educated business man. The Court held that the power of attorney and deed were procured by fraud, set them aside, and restored the property to the plaintiff. Furthermore, in the case at bar defendant William Benton is a building contractor experienced in real-estate deals, and has had between 6 and 10 real-estate transactions with this same real-estate broker. That case has no force, as an authority to deny the right of the plaintiffs to specific performance of the defendants' agreement to sell.

The essence of the defendants' contention seems to be that they have been induced to enter into a

sale of their property on contract, with instalment payments, instead of for cash. Their counsel claim:

"They have been defrauded and tricked into contracting for the sale of their property in a manner far from their desire and intention.

"To pinpoint, the actual fraud is a difficult proposition. Was it accomplished by actual forgery? Was it by spurious substitution of documents? Or was this fraud accomplished by wilful misrepresentation, misstatement, or other misleading conduct of the purchasers *and the broker?* Did *they* lull the sellers by fraud into not reading the documents for themselves." (Emphasis supplied.)

Counsel's speculations are not based upon any proof in the record. Neither the pleadings nor the proofs allege or show any conspiracy or collusion entered into by the plaintiffs and the defendants' broker agent. Appellants' innuendo seems to be that their broker misled the defendants, for the purpose of obtaining the commission. However, that would not establish plaintiffs' liability.

Affirmed. Costs to appellees.

Carr, C. J., and Butzel, Smith, Sharpe, Reid, Dethmers, and Kelly, JJ., concurred.