VARGO v. IHLENFELDT.

1. APPEAL AND ERROR—QUESTIONS FOR TRIER OF FACTS—EVIDENCE—
   CREDIBILITY OF WITNESSES.
   An appellate court is not as well equipped to do justice in
   the determination of a pure question of fact as is the trier
   or triers of facts whose immediate task is that of personal
   appraisal of proof and witness.

2. FRAUD—DRIVE-IN RESTAURANT—FINDINGS OF COURT—EVIDENCE.
   Findings of trial court that claims of fraud in action to rescind
   purchase of drive-in restaurant business in that amount of
   daily business and size of premises were misrepresented had
   not been substantiated by clear and convincing proof *held*,
   amply supported by record.

3. SAME—PRESUMPTIONS—EVIDENCE.
   Fraud may never be presumed, but must be proved clearly and
   convincingly.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted January 14, 1960. (Docket No. 76, Calendar No. 48,029.) Decided April 11, 1960.

Bill by Joseph P. Vargo and Blanche G. Vargo against Hilda Ihlenfeldt and Wilbur Ihlenfeldt, individually and doing business as Daly Drive-In, to rescind purchase of restaurant business. Bill dismissed. Plaintiffs appeal. Affirmed.

REFERENCES- FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 883.
[2] 24 Am Jur, Fraud and Deceit §§ 278, 279.
[3] 24 Am Jur, Fraud and Deceit § 256.

*Hugh K. Davidson* and *Roy A. McGinty,* for plaintiffs.

*Jerry P. D'Avanzo,* for defendants.

Black, J. This appeal presents no reviewable question of substance. Plaintiffs, pained at the result below, would have us disagree with proof-supported and decisive findings of fact recorded by the trial chancellor; findings which, as our decisions boresomely disclose, are within the comparatively better province of one who sees and hears the controlling evidence as it comes from the lips and personal demeanor of disinterested as well as interested witnesses. It is an established truism that an appellate court is not as well equipped to do justice— the case being one of pure fact-dispute—as is the chancellor-trier of fact whose immediate task is that of personal appraisal of proof and witness. For elaboration, see *Hayes Construction Company* v. *Silverthorn,* 343 Mich 421, 428, 429; *Barnes* v. *Beck,* 348 Mich 286, 290, 291; *Redding* v. *Snyder,* 352 Mich 241, 250.

Such is the introduction I would make of an equity case which, considered from its 4 corners of fact, provides no ground for reversal.

Defendants owned and operated a "drive-in restaurant," as it is known in the appendices, including the premises where the restaurant business was conducted. Plaintiffs, living nearby, regularly patronized the restaurant. Their daughter, a Mrs. Bryant, had worked in the restaurant—for defendants—some 7 months prior to the dealings we consider, and so was familiar with the volume of business done and the monetary intake thereof. In August of 1955 defendants advertised the property and business (Detroit News) as follows:

"Drive-In sell or lease average $170 day in new business, good location $35,000 Logan 27272."

Following such publication fruitful negotiations for purchase and sale of the business and property were pursued by the present parties litigant. In October (following the date of publication) plaintiffs as purchasers, and defendants, as sellers, agreed upon and executed appropriate instruments in fulfillment of that which they had negotiated, plaintiffs by preliminary agreement having already taken over conduct of the business. Plaintiffs continued to carry on business until the month of March next, at which time they notified defendants that they were surrendering the premises and effecting a rescission on the ground of fraud.

Plaintiffs' claims of fraud were duly brought into court by this bill for rescission. The fraud-essence of the bill is that the business was not averaging $170 per day as advertised (also represented) and that the size of the restaurant premises as conveyed to plaintiffs had been misrepresented by defendants. In latter regard plaintiffs say they were led to believe that the parking area of the restaurant premises was much larger than the portion which defendants actually owned and were able to convey. Defendants by answer denied such charges. So were framed the issues which came to consideration and resolution in the court below.

In a carefully considered and well reasoned opinion the chancellor ruled that plaintiffs had failed to prove fraud as alleged. A decree thereupon entered dismissing the bill. Plaintiffs' instant appeal followed.

Plaintiffs complain rather bitterly that the chancellor ignored critical testimony of their witnesses, particularly that of plaintiff Blanche G. Vargo, and that the chancellor misapprehended or misunder-

stood other important testimony, particularly by finding that they—plaintiffs—learned definitely before final closing that a substantial part of the in-use restaurant parking area belonged to others and was available only by temporary lease. In general, plaintiffs' counsel say "that there are at least 25 instances where the trial court misquoted, misinterpreted, or ignored, the testimony."

These charges do not fare so well when tested by the pages of the respective appendices. The chancellor took dim view of Mrs. Vargo's credibility. So far as the vicarious value of print fairly discloses, there appears no compelling reason for disagreement with such view. And Mrs. Vargo's testimony is that which, in great part, makes or breaks plaintiffs' case.

The pivot-findings below are that "The statement that the defendants were averaging $170 a day was true" and, as to the remaining claim of fraud, that plaintiffs "had sufficient information to conclude that they would have very cramped parking space if she (the adjoining owner-lessor) terminated the rental agreement." Unless this Court is to decide that Mrs. Vargo should be believed as against the defendants' proof, and I am not so persuaded, we can do naught but hold that the quoted conclusions of the chancellor are amply supported by proof and that there is no valid reason for disturbance thereof.

The opinion below was recapitulated as follows:

"There is no principle more deeply ingrained in the law of this State than that fraud may never be presumed, but must be proved clearly and convincingly. The evidence in this case is neither clear nor convincing on that subject, and certainly does not warrant branding Wilbur Ihlenfeldt as a defrauder. In fact, it merely indicates to this court that sometimes persons become so determined to carry out a course of action that no amount of advice, no

amount of counsel, no amount of cautioning, can dissuade them from this predetermined course. The Vargos were not defrauded, and whatever situation they find themselves in at the present time was of their own making."

I agree with such digest and the previously determined premises thereof. My vote, therefore, is for affirmance, with costs to defendants.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.