## YOUNGS *v.* TUTTLE HILL CORPORATION.

1. JOINT ADVENTURES—CONTRACT TO PURCHASE LAND—EVIDENCE.

Trial judge's finding that plaintiff had failed to establish claimed joint adventure contract with individual defendants that in return for his obtaining of the consent of his relatives to the sale of property that such defendants would contribute the entire purchase price and then plaintiffs and such defendants would share equally in the cost of development and the profits *held,* proper, especially in view of fact that the alleged agreement was never reduced to writing, and although it supposedly occurred at various times and places, it was contradicted by what actually took place with reference to the purchase of the land, there being no concealment.

2. FRAUD—PRESUMPTIONS—EVIDENCE.

Fraud is not presumed but must be proven by clear, satisfactory, and convincing proof.

Appeal from Washtenaw; Quinn (Timothy C.), J., presiding. Submitted April 7, 1964. (Calendar No. 10, Docket No. 50,324.) Decided June 1, 1964.

Bill by Forrest Youngs against Tuttle Hill Corporation, a Michigan corporation, Leonard Bontekoe and Viola Bontekoe to secure an undivided half interest in real property, for cancellation of stock issue, dissolution of corporation, and other relief.

REFERENCES FOR POINTS IN HEADNOTES

[1]  30 Am Jur, Joint Adventures § 66 *et seq.*
[2]  24 Am Jur, Fraud and Deceit § 256.

Bill dismissed at close of plaintiff's proofs. Plaintiff appeals. Affirmed.

*Lawrence, Ulrich, Tripp & Barense,* for plaintiff.

*Mellott, Proud & Meader* (*Robert E. Meader,* of counsel), for defendants.

PER CURIAM. This is a chancery suit arising out of an alleged oral joint adventure between plaintiff and defendant Leonard Bontekoe for the purchase of certain land from plaintiff's relatives. Plaintiff claims his contribution was to obtain the consent of his relatives to the sale of the property, that Bontekoe was to contribute the entire purchase price, and that they were then to share equally in the cost of development and the profits.

Defendants say that plaintiff and Bontekoe agreed to share equally in the cost of the land, the cost of development, and the profits or losses.

At the conclusion of plaintiff's proofs the trial judge granted defendants' motion for summary judgment, holding that the plaintiff had not proved the agreement because: (1) of the uncertainty of the terms of the agreement or contract as claimed by the plaintiff, (2) of the improbability of such a contract—that defendant Bontekoe would pay out $40,000 for property and give plaintiff a 1/2 interest in it merely for getting his relatives to sell the land, and (3) that the plaintiff had contradicted his own claims with his presented proofs due to the fact that it was shown an option held by plaintiff and defendant Bontekoe to purchase the land was exercised by Tuttle Hill Corporation to which corporate purchase at the time it was made plaintiff did not object.

The lengthy record in this matter presents the claims of the plaintiff from the first discussion of

the purchase in the fall of 1960, through an initial stock issue of 100 shares each to plaintiff and defendant Bontekoe in Tuttle Hill Corporation, until there was a transfer to defendants Bontekoe and wife in June of 1961 of 4,800 shares of the corporation stock in return for money they had furnished the corporation. Plaintiff and defendant Bontekoe each still hold their 100 shares of stock but plaintiff claims he has now been deprived of his equal ownership.

The money the Bontekoes furnished the corporation was used for the purchase of the land and other proper corporate activities. It was admitted by plaintiff, on cross-examination, that his efforts to secure financing for his share in the joint adventure (whatever that contribution was supposed to have been) failed.

We agree with the trial judge that the plaintiff's proofs do not establish the claimed contract. Of particular significance is the fact that the alleged agreement of the parties was never reduced to writing, that it supposedly occurred at various times and places in sporadic conversations, and that it is contradicted by what actually took place with reference to the purchase of the land. Plaintiff knew exactly what was happening at every step. There was never any concealment. Fraud is not presumed but must be proven by clear, satisfactory, and convincing proof. *A & M Land Development Co.* v. *Miller,* 354 Mich 681. The plaintiff failed to make such proof.

Judgment of the trial court is affirmed.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.