MINA v GENERAL STAR INDEMNITY COMPANY

Docket No. 173992. Submitted April 2, 1996, at Detroit. Decided September 10, 1996, at 9:25 A.M.

George Mina brought an action in the Wayne Circuit Court against General Star Indemnity Company, his fire insurer, seeking payment under the defendant's policy for fire loss and business interruption following the destruction of his business in a fire. The defendant raised affirmative defenses of arson, fraud, and false swearing. The court, Susan Bieke Neilson, J., entered judgment on a jury verdict of no cause of action based on findings of fraud and false swearing by the plaintiff, but not arson. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not err in instructing the jury that the defendant had to prove its affirmative defenses of fraud and false swearing by a preponderance of the evidence. The instruction was based on *Campbell v Great Lakes Ins Co*, 228 Mich 636 (1924), which has not been overruled or modified by the Supreme Court and remains good law even though the Supreme Court, in subsequent cases, has held that fraud must be proved by clear and convincing evidence.

2. The evidence presented at trial did not clearly establish that certain statements the plaintiff made about his financial condition were false. The trial court erred in instructing the jury that the statements were material inasmuch as reasonable minds could differ with respect to whether the plaintiff deliberately made misrepresentations to the defendant and whether those misrepresentations, if any, were reasonably relevant to the defendant's investigation of the plaintiff's claim. The jury's verdict must be reversed and the case must be remanded for a new trial.

3. The trial court did not abuse its discretion in granting the defendant's motion to exclude evidence of certain payments the plaintiff made to creditors after the fire. The evidence was not relevant to the question whether the plaintiff was insolvent at the time of the fire or to his state of mind at the time of the fire.

Reversed and remanded for a new trial.

1. JURY — INSTRUCTIONS — APPEAL.

    The Court of Appeals will review an unpreserved issue concerning a jury instruction only when necessary to prevent manifest injustice; manifest injustice results where the defect in instruction is of such magnitude as to constitute plain error, requiring a new trial, or where it pertains to a basic and controlling issue in the case.

2. INSURANCE — FIRE INSURANCE — ACTIONS ON POLICIES — AFFIRMATIVE DEFENSES — FRAUD — FALSE SWEARING.

    Fraud and false swearing, as affirmative defenses to an action on a fire insurance policy, must be proved by the insurer by a preponderance of the evidence.

3. INSURANCE — FRAUD.

    To void a policy because the insured has wilfully misrepresented a material fact, an insurer must show that the misrepresentation was material, that it was false, that the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and that the insured made the material misrepresentation with the intent that the insurer would act upon it.

4. EVIDENCE — APPEAL.

    Evidentiary rulings by a trial court are reviewed on appeal for abuse of discretion; an abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences perversity of will or the exercise of passion or bias rather than the exercise of discretion.

*Daniel Randazzo*, for the plaintiff.

*Morrison, Mahoney & Miller* (by *Charles R. Tuffley, David J. Berkal,* and *Jeffrey R. Learned*), for the defendant.

Before: CAVANAGH, P.J., and MARILYN KELLY and J. R. JOHNSON,* JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment of no cause of action entered following a jury trial. We reverse and remand for a new trial.

---

  * Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff was the owner of a business known as Mr. Ted's Lounge. On February 22, 1991, plaintiff purchased a fire insurance policy from defendant that covered Mr. Ted's Lounge. On May 27, 1991, Mr. Ted's Lounge was destroyed by a fire. Subsequent investigation established that the fire had been intentionally set. Plaintiff notified defendant of the loss, but defendant denied the claim on the basis of fraud, false swearing, and arson.

On December 11, 1991, plaintiff filed a complaint claiming that he was entitled to the insurance proceeds for the loss of his property and the interruption of his business. Defendant raised the affirmative defenses of arson, fraud, and false swearing.

Trial began on December 2, 1993. The jury found that defendant had not established that plaintiff set or procured the setting of the fire. However, the jury also found that plaintiff had misrepresented and concealed material facts or committed fraud and false swearing. The trial court entered a judgment of no cause of action. Plaintiff's motion for a new trial was denied.

I

Plaintiff first raises several claims of defects in the jury instructions. However, plaintiff did not object to the instructions at trial. To preserve for review an issue concerning a jury instruction, a party must object on the record before the jury retires to deliberate. MCR 2.516(C). This Court will review an unpreserved issue concerning an error in jury instruction only when necessary to prevent manifest injustice. *Phillips v Deihm*, 213 Mich App 389, 403; 541 NW2d 566 (1995). Manifest injustice results where the

defect in instruction is of such magnitude as to constitute plain error, requiring a new trial, or where it pertains to a basic and controlling issue in the case. *Joba Construction Co, Inc v Burns & Roe, Inc,* 121 Mich App 615, 639; 329 NW2d 760 (1982).

A

Plaintiff argues that the trial court erred in instructing the jury that defendant had the burden of proving its affirmative defense of fraud and false swearing by a preponderance of the evidence. Plaintiff asserts that the jury should have been instructed that the defendant had to prove fraud by clear and convincing evidence.

In reaching its decision, the trial court relied on *Campbell v Great Lakes Ins Co,* 228 Mich 636, 638; 200 NW 457 (1924). In *Campbell,* the Supreme Court held that when an insurer raises fraud and false swearing as an affirmative defense, it is only required to prove the misconduct by a preponderance of the evidence. *Id.* at 640-641. The Supreme Court has not overruled or otherwise modified its holding in *Campbell.* Notwithstanding this fact, plaintiff argues that the trial court erred in instructing the jury that defendant's affirmative defense of fraud and false swearing had to be proved by a preponderance of the evidence because more recent Michigan case law holds that the proper burden of proof for allegations of fraud is clear and convincing evidence.

For many years, in actions at law, the Supreme Court upheld jury instructions stating that fraud must be proved by a preponderance of the evidence. See *McNaughton v Smith,* 136 Mich 368, 377, 381; 99 NW 382 (1904); *Hinchman v Weeks,* 85 Mich 535, 545-546;

48 NW 790 (1891). Furthermore, the Court rejected instructions that required a greater degree of proof than preponderance of the evidence. See *Silverstone v London Assurance Corp*, 176 Mich 525, 533; 142 NW 776 (1913); *Sweeney v Devens*, 72 Mich 301, 303-304; 40 NW 454 (1888); *Watkins v Wallace*, 19 Mich 56, 76 (1869).

In other cases in which jury instructions were not at issue, the Court required fraud to be established by a preponderance of the evidence. See *Columbus Pipe & Equipment Co v Sefansky*, 352 Mich 539, 545; 90 NW2d 492 (1958); *Essenburg v Russell*, 346 Mich 319, 325; 78 NW2d 136 (1956); *Kirk v Vaccaro*, 344 Mich 226, 231; 73 NW2d 871 (1955); *Howard v Reaume*, 310 Mich 119, 125; 16 NW2d 686 (1944).

However, in *Grimshaw v Aske*, 332 Mich 146, 157; 50 NW2d 866 (1952), the Court stated, without citing any authority, that fraud "must be affirmatively established by clear and convincing evidence." The next year the Court, relying on *Grimshaw*, again stated that fraud must be established by clear and convincing evidence in *Tel-Craft Civic Ass'n v Detroit*, 337 Mich 326, 332; 60 NW2d 294 (1953). In 1959, the Court stated in *Vargo v Ihlenfeldt*, 359 Mich 265, 268; 102 NW2d 550 (1960), that fraud "must be proved clearly and convincingly," but cited only the trial court opinion in support of the proposition.

In equity cases, the Supreme Court also has been inconsistent. In some cases, the Court has stated that fraud must be proved by clear and convincing evidence. See *Flynn v Korneffel*, 451 Mich 186, 199; 547

NW2d 249 (1996);[1] *Margolis v Benton*, 343 Mich 34, 38; 72 NW2d 213 (1955); see also *Broaden v Doncea*, 340 Mich 564; 66 NW2d 216 (1954) (requiring "clear and satisfactory proof"); *Buck v Sherman*, 2 Doug 176, 182 (Mich, 1845) (stating that proof of fraud must be "so clear and conclusive as to leave no rational doubt upon the mind as to its existence"). In other equity cases, the Court has required that fraud be proved only by a preponderance of the evidence. See *Franko v Olszewski*, 316 Mich 485, 491; 25 NW2d 593 (1947); *Goodrich v Waller*, 314 Mich 456, 461; 22 NW2d 862 (1946); *Collins v Norris*, 314 Mich 145, 148; 22 NW2d 249 (1946); *Fahey v Pell*, 310 Mich 280, 281; 17 NW2d 183 (1945); *Steele v Shaffer*, 241 Mich 632, 633-634; 217 NW 777 (1928); *Allison v Ward*, 63 Mich 128, 138; 29 NW 528 (1886). In still other cases, the Court has merely stated that "convincing" evidence was required,[2] or that fraud must be "clearly proved,"[3] without further elaborating on the burden of proof.

Perhaps the clearest example of the confusion in Michigan case law regarding the question of the burden of proof in fraud cases can be found in *Modern Displays, Inc v Hennecke*, 350 Mich 67; 85 NW2d 80 (1957). In *Modern Displays*, a case sounding in both law and equity, the Court quoted both standards, on the same page, with apparent approval. See *id.* at 73.

---

[1] In support of its statement that clear and convincing evidence is the proper standard of proof in fraud cases, the Court cited *Marble v Butler*, 249 Mich 276; 228 NW 677 (1930), and *Palmer v Palmer*, 194 Mich 79, 81; 160 NW 404 (1916). However, *Marble* makes no mention of the burden of proof borne by one alleging fraud, and *Palmer* states only that fraud must be "clearly proved." See *Palmer, supra* at 81.

[2] See, e.g., *Gardner v Gardner*, 311 Mich 615; 19 NW2d 118 (1945); *Zimmerman v Feldman*, 217 Mich 390; 186 NW 495 (1922).

[3] See, e.g., *Palmer, supra* at 81; *Campau v Lafferty*, 50 Mich 114, 117; 15 NW 40 (1883).

In recent years, *Hi-Way Motor Co v Int'l Harvester Co*, 398 Mich 330; 247 NW2d 813 (1976),[4] and its progeny have generally been relied upon for the burden of proof in fraud cases. In *Hi-Way Motor*, the Court stated that fraud must be established by "clear, satisfactory and convincing evidence." *Id.* at 336. Unfortunately, in the *Hi-Way Motor* opinion, the Supreme Court did not overrule its previous cases holding that fraud had to be proved by a preponderance of the evidence. In fact, the opinion made no mention of them. In *Jim-Bob, Inc v Mehling*, 178 Mich App 71, 90; 443 NW2d 451 (1989), and *Gorman v Soble*, 120 Mich App 831, 840; 328 NW2d 119 (1982), this Court cited *Hi-Way Motor* in support of statements that fraud must be proved by "clear, satisfactory and convincing evidence," without noting any conflict with precedent.

After considering the above, we are unable to say with any degree of certainty exactly what standard of

---

[4] *Hi-Way Motor* involved an action at law. As support for the statement that fraud must be established by "clear, satisfactory and convincing evidence," the Court cited *Youngs v Tuttle Hill Corp*, 373 Mich 145, 147; 128 NW2d 472 (1964), an equity case. In *Higgins v Kenneth R Lawrence, DPM, PC*, 107 Mich App 178, 184; 309 NW2d 194 (1981), this Court also relied on *Youngs* in stating that fraud must be proved by clear, satisfactory, and convincing evidence. The *Youngs* Court relied on another equity case, *A & M Land Development Co v Miller*, 354 Mich 681; 94 NW2d 197 (1959), overruled in part on other grounds in *Lenawee Co Bd of Health v Messerly*, 417 Mich 17, 29; 331 NW2d 203 (1982). In turn, *A & M Land Development* cited three cases: *Columbus Pipe, supra, Marshall v Ullman*, 335 Mich 66; 55 NW2d 731 (1952), and *Candler v Heigho*, 208 Mich 115; 175 NW 141 (1919), overruled in part on other grounds in *United States Fidelity & Guaranty Co v Black*, 412 Mich 99, 120-121; 313 NW2d 77 (1981). None of these cases state that "clear and convincing evidence" is necessary to prove fraud. Rather, all three cases state that fraud must be proved to "a reasonable degree of certainty." *Columbus Pipe, supra* at 544; *Marshall, supra* at 74; *Candler, supra* at 121. Moreover, in *Columbus Pipe*, the Court reversed the judgment because the findings of the trial court were "against the clear preponderance of the evidence." *Columbus Pipe, supra* at 545.

proof courts should apply in fraud cases.[5] The Supreme Court has alternately required fraud to be established by a preponderance of the evidence and by clear and convincing proof, with little consistency and no detailed analysis. While the most recent Supreme Court pronouncements regarding the question have stated that fraud must be proved by clear and convincing evidence,[6] we think it unlikely that the Supreme Court would overrule a significant body of case law without at least mentioning that it was doing so.

Therefore, unless and until the Supreme Court offers us additional guidance on this issue, we cannot find that the trial court erred in relying on *Campbell, supra.* In *Campbell,* the Supreme Court addressed the identical issue that is presented in the present case. The Supreme Court has never overruled *Campbell.* Accordingly, the trial court properly followed *Campbell* and instructed the jury that defendant had to prove its defense of fraud and false swearing by a preponderance of the evidence. Hence, manifest injustice did not result.

B

Plaintiff also contends that the trial court erred in instructing the jury that certain statements he made regarding his financial status were material. Plaintiff argues that this issue should have been decided by the jury rather than the trial court.

The trial court advised the jury as follows:

---

[5] The unsettled state of Michigan law regarding the burden of proof in fraud cases was noted in *Disner v Westinghouse Electric Corp,* 726 F2d 1106, 1112-1115 (CA 6, 1984) (Contie, J., dissenting).

[6] See *Flynn, supra; Hi-Way Motor, supra.*

> I instruct you that the facts relating to the status of the plaintiff's debts, including debts with the City of Detroit, State of Michigan, Comerica Bank, attempts to sell the business and [the] financial condition of George Mina and Mr. Ted's Lounge are material.

The insurer's defense of "false swearing" is an allegation that the insured submitted fraudulent proof of loss. Fraud or false swearing implies something more than mistake of fact or honest misstatements on the part of the insured. It may consist of knowingly and intentionally stating upon oath what is not true, or stating a fact to be true although the declarant does not know if it is true and has no grounds to believe that it is true. In order to prevail, the insurer must prove not only that the swearing was false, but also that it was done knowingly, wilfully, and with intent to defraud. Fraud cannot be established from the mere fact that the loss was less than was claimed in the preliminary proofs furnished to the insurer. *Campbell, supra* at 638; *Foreman v Badger Mutual Ins Co*, 169 Mich App 772, 775; 426 NW2d 808 (1988).

To void a policy because the insured has wilfully misrepresented a material fact, an insurer must show that (1) the misrepresentation was material, (2) that it was false, (3) that the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4) that the insured made the material misrepresentation with the intention that the insurer would act upon it. *Rayis v Shelby Mutual Ins Co of Shelby Ohio*, 80 Mich App 387, 393; 264 NW2d 5 (1978). A statement is material if it is reasonably relevant to the insurer's investigation of a claim. *Dadurian v Underwriters at Lloyd's, London*, 787 F2d 756, 759-760 (CA 1, 1986);

*Fine v Bellefonte Underwriters Ins Co*, 725 F2d 179, 183 (CA 2, 1984), cert den 469 US 874 (1985).

Defendant contends that the evidence set forth at trial clearly established that plaintiff's statements regarding the financial condition of Mr. Ted's Lounge were false. However, after reviewing the record, we cannot conclude that the evidence was overwhelmingly in defendant's favor. Reasonable minds could differ with respect to whether plaintiff deliberately made misrepresentations to defendant and whether those misrepresentations, if any, were reasonably relevant to defendant's investigation of plaintiff's claim. Accordingly, the trial court erred in instructing the jury that plaintiff's statements regarding his finances were material. Because the erroneous instruction pertained to a basic and controlling issue in the case, we conclude that manifest injustice resulted. *Joba Construction Co, supra.* Accordingly, we reverse the jury verdict and remand for a new trial.

II

Because of our resolution of the previous issue, it is not necessary to address plaintiff's other issues. However, because it is likely to come up again at a new trial, we briefly address plaintiff's claim that the trial court erred in granting defendant's motion to exclude evidence of plaintiff's postfire payments to creditors. We review a trial court's evidentiary rulings for an abuse of discretion. *Koester v Novi*, 213 Mich App 653, 663; 540 NW2d 765 (1995). An abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences perversity of will or the exercise of passion or bias

rather than the exercise of discretion. *Dacon v Transue*, 441 Mich 315, 329; 490 NW2d 369 (1992).

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401; *Koester, supra*. Plaintiff argued to the trial court that he wished to introduce evidence that he paid his creditors after the fire to show that he was not insolvent at the time of the fire.

We conclude that the trial court did not abuse its discretion in ruling that the proffered evidence was not relevant.[7] Defendant's defenses were that plaintiff set, or procured the setting of, the fire and that plaintiff swore falsely regarding the proof of his loss. Thus, only evidence of plaintiff's financial condition at the time of the fire would be relevant. Evidence that plaintiff paid bills after the fire does not prove that he was solvent when the fire occurred. Moreover, such evidence does not shed light on plaintiff's state of mind at the time of the fire.

Reversed and remanded for a new trial.

---

[7] We note that the trial court did allow plaintiff to testify concerning why certain bills had not been paid at the time of the fire.