# STATE OF MICHIGAN

# COURT OF APPEALS

TORIANA THOMAS,

Plaintiff-Appellant,

v

ALLSTATE PROPERTY & CASUALTY
INSURANCE CO,

Defendant-Appellee.

UNPUBLISHED
August 24, 2017

No. 332100
Wayne Circuit Court
LC No. 14-007797-NI

Before: SHAPIRO, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right from the order of the trial court that granted defendant's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). We reverse and remand to the trial court for further proceedings.

This case concerns plaintiff's claim for uninsured motorist coverage from defendant, the no-fault automobile insurer of the vehicle that plaintiff was allegedly driving at the time of a motor vehicle accident on January 5, 2012. Defendant paid for the repairs to the motor vehicle and also paid some personal injury protection benefits to plaintiff. Plaintiff filed this action on June 17, 2014 alleging that she suffered a serious impairment of body function exceeding the threshold set in MCL 500.3135 as a result of the accident and that defendant had breached its duty to pay her uninsured motorist benefits. Defendant moved for summary disposition arguing that there was no question of material fact that plaintiff engaged in fraudulent conduct with respect to her claim and, pursuant to the policy's anti-fraud provision, was, therefore, precluded from obtaining any further benefits under the policy.[1]

---

[1] The specific anti-fraud provision in the policy reads:

> We may not provide coverage for any Insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

-1-

In order to prevail on the basis that an insured was fraudulently seeking to obtain benefits, a defendant-insurer must demonstrate fraud by a preponderance of the evidence. *Mina v Gen Star Indem Co*, 218 Mich App 678, 685; 555 NW2d 1 (1996), rev'd in part on other grounds 455 Mich 866 (1997); *Stein v Home-Owners Ins Co*, 303 Mich App 382, 387-389; 843 NW2d 780 (2013). At the summary disposition stage, however, it is not enough that defendant, as movant, demonstrate that it has grounds to assert that plaintiff engaged in fraud; rather, it must show that there was no question of fact but that fraud occurred. See *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010) (determining that where a motion for summary disposition under MCR 2.116(C)(10) is at issue, all evidence and inferences must be viewed in a light most favorable to the nonmoving party). For summary disposition to be granted, defendant must show that no reasonable trier of fact could reach a conclusion other than that plaintiff engaged in fraud. See *West v General Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003) (stating that "[a] genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ"). To prove that an insured has acted to defraud its insurer the following factors must be shown: (1) that the representation was material; *and* (2) that it was false; *and* (3) that the insured (a) knew of its falsity, *or* (b) made the statement recklessly, i.e. without any knowledge of its truth. *Mina*, 218 Mich App at 686. An individual analysis based on the facts of each case is required, and where there is a question of fact as to any of the elements, summary disposition is improper. *Shelton v Auto-Owners Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 328473), slip op at 5-6. Intent to defraud is not shown where false statements are made as a result of inadequate memory, unintentional error, confusion, or the like. *Mina*, 218 Mich App at 686. Generally, courts should be reluctant to grant motions for summary disposition where an issue involves a state of mind. See *Pemberton v Dharmani*, 207 Mich App 522, 529 n 1; 525 NW2d 497 (1994) ("[S]ummary disposition is inappropriate where questions of motive, intention or other conditions of mind are material issues. The existence of good faith is normally a question of fact for the jury . . . .").

Notwithstanding this general reluctance, defendant argues that there is no question of material fact but that plaintiff engaged in fraud because the sole passenger of the vehicle at the time of the accident, plaintiff's nephew, KT, testified at his own deposition in separate litigation that it was his father, Kavyn Thomas, plaintiff's brother, who was driver and only other occupant in the vehicle at the time of the accident, not plaintiff. Additionally, KT's mother, Crystal Collins, testified in her deposition in that case that KT was with his father, Kavyn, at the time of the accident. However, Kavyn testified in a deposition taken in this case that he was not in the car at the time of the accident and that he had been sleeping when KT woke him up and told him about the crash. Plaintiff also consistently testified in two depositions that she was the driver of the vehicle, and her name is listed as the driver on the police report. Given the evidence presented, reasonable minds could disagree on this factual question. In accepting KT's and Collins's testimony as conclusive over that of plaintiff's and Kavyn's, the trial court resolved a credibility determination in favor of the moving party. This was erroneous. *Dextrom*, 287 Mich at 415 (providing that all evidence and inferences must be viewed in a light most favorable to the non-moving party). While a trier of fact may choose to believe KT's and Collins' testimony over that of Kavyn's and Defendant's, the trial court was not permitted to resolve that dispute at the summary disposition stage.

Additionally, defendant has alleged that plaintiff engaged in fraud by misrepresenting the nature and extent of her injuries. We conclude that reasonable minds could disagree whether plaintiff's statements were material, false and made with fraudulent intent. In support of this contention, defendant primarily relies on statements plaintiff made in her depositions concerning her tinted, prescription eye-glasses. Plaintiff testified that she was wearing tinted lenses on her prescription eye-glasses due to her sensitivity to bright light, that it was hard for her to see in the daylight, and that she had not worn tinted lenses before the accident. Defendant claims that this testimony was plaintiff's attempt to fraudulently misrepresent the nature of her injuries and that this fraud was exposed when it had surveillance performed on plaintiff, and she was found going about her daily business without her glasses. This argument is without merit. Several photographs on a single day of plaintiff going about her business without her glasses does not establish that her testimony concerning why those glasses were acquired and when she began using them was inaccurate, let alone fraudulent.[2] Plaintiff's eye doctor, Thomas Spoor, an ophthalmologist, diagnosed her as having an abnormal visual evoked potential (VEP).[3] Notes from Dr. Spoor also confirm that he prescribed plaintiff her eye glasses and that plaintiff's need for his services was related to the accident.

Aside from plaintiff's deposition testimony, defendant also alleges that plaintiff has generally engaged in fraudulently misrepresenting the extent of her injuries to various medical professionals. Other than general references by plaintiff's examining physicians that she did not appear to be as injured as she claimed, defendant offers little in the way of evidentiary support for this contention. For example, there are several notations where plaintiff's doctors refused to approve her request to place her on disability and one instance where plaintiff's doctor noted that she had not consistently expressed concerns about her memory prior to her request for disability. But, noticeably absent is any express statement that plaintiff's doctors believed that she was being purposefully deceptive.

Defendant also relies on the fact that plaintiff's neuropsychological examination showed inconsistent findings and that CT scans and MRIs consistently showed no signs of injury. While this may be sufficient to show that plaintiff has not suffered a traumatic brain injury, it does not evidence that plaintiff claimed such an injury knowing that it did not exist or with reckless

_____

[2] Defendant also relies on pictures it found of plaintiff on social media depicting her without her glasses as evidence that her deposition testimony was fraudulent. While some of these pictures appear to be taken outdoors during the daytime, most depict plaintiff either indoors or in the evening. To the extent that defendant has found some pictures of plaintiff in daylight without her glasses, such isolated examples of conduct inconsistent with a claim for benefits are not sufficient for an insurer to achieve summary disposition on an allegation that the insured attempted to fraudulently claim a proof of loss. *Shelton*, ___ Mich App at ___ (Docket No. 328473), slip op at 7.

[3] The VEP measures the time for a visual stimulus to travel from the eye to the occipital cortex, and an abnormal VEP can indicate post optic neuritis or inflammation of the optic nerve. Visual Evoked Potential, *Sydney North Neurology & Neurophysiology* <http://sydneynorthneurology.com.au/visual-evoked-potential-vep/> (accessed July 19, 2017).

disregard for whether or not it existed. Finally, defendant points to medical notes that state that plaintiff was exercising regularly two to three times a week several months after the accident. Again, this says nothing about plaintiff's state of mind nor does it indicate that she made her claim for benefits with reckless disregard for whether her subjective complaints were true. And, as plaintiff's claimed injuries were almost exclusively neurological or ophthalmological, the mere fact that she was attempting to exercise on a regular basis does not evidence fraud.

Without unrefuted evidence showing intent to defraud, defendant is not entitled to summary disposition on the basis of the anti-fraud provision in the insurance policy. See *Boyer v Tucker & Baumgardner Corp*, 143 Mich App 361, 366; 372 N.W.2d 555 (1985) (courts should be reluctant to grant summary disposition "in a case . . . which involves a state of mind"); *Tumbarella v The Kroger Co*, 85 Mich App 482, 492; 271 NW2d 284 (1978) ("In cases involving questions of intent, credibility or state of mind, summary judgement is hardly ever appropriate.").[4] Defendant has at most presented some evidence from which a trier of fact could infer that plaintiff was engaging in deceptive conduct; it has fallen well short of resolving the question beyond an issue of material fact such that a reasonable juror could conclude otherwise.

---

[4] Defendant's reliance on this Court's opinion in *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420; 864 NW2d 609 (2014) is misplaced. *Bahri* involved a situation where there was "uncontested evidence" that the plaintiff claimed benefits for services provided *before* the accident and was observed performing activities for which she claimed replacement services on the very days she requested them. *Bahri*, 308 Mich App at 425-426. Therefore, we determined that when considering all the facts and inferences in favor of the non-moving party, there was no question of fact as to each of the elements of fraud. *Id.* However, an individual analysis based on the facts of each case is required, and where there is a question of fact as to any of the elements necessary for establishing a claim of fraudulent misrepresentation summary disposition is improper. *Shelton v Auto-Owners Ins Co*, ___ Mich App at ___ (Docket No. 328473), slip op at 5-6. In this case, the evidence at most shows that plaintiff was not as injured as she claims, and, while such evidence may be sufficient to show that no rational trier of fact could conclude that she experienced a threshold injury under MCL 500.3135 as plaintiff alleges in her complaint, it does not establish that she engaged in fraudulent misrepresentation for purposes of recovering uninsured motorist benefits.

The trial court erred in granting defendant's motion for summary disposition.[5]

Reversed and remanded. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher

---

[5] Our dissenting colleague seems to suggest that we are mistaken in our understanding of what constitutes a question of fact for purposes of a motion under MCR 2.116(C)(10). She articulates the standards as "whether reasonable minds could differ" as to the resolution of a fact question. We have no dispute with this standard and have applied it in our opinion. Where we differ from our colleague is in her view that if an insurance company can demonstrate that a claimant made any inaccurate or incorrect statement that it is entitled to summary disposition regardless of whether the statement was material and made with fraudulent intent.