*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FAYDRA NELSON,

        Plaintiff-Appellant,

v

GEICO INDEMNITY COMPANY,

        Defendant-Appellee.

UNPUBLISHED
October 3, 2019

No. 343639
Wayne Circuit Court
LC No. 17-005996-NF

Before: BORRELLO, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

In this first party no-fault action, plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(10). We affirm.

## I. FACTUAL BACKGROUND

This case arises out of an October 22, 2014, motor vehicle accident involving plaintiff, wherein plaintiff sustained head, neck, and back injuries. Plaintiff additionally suffered a closed head injury that manifested in a lack of focus, sensitivity to light, sound, and movement, memory loss, and extreme fatigue. After the accident, plaintiff asserted that she was unable to perform household chores. Plaintiff's son, Jelani Butler, performed household services for plaintiff from October 2014 through October 2017. He did not reside with her, but came to plaintiff's home to perform any required services. Butler completed forms every few months that noted the replacement services he provided for plaintiff. The replacement services that Butler performed for plaintiff were vacuuming, dusting, cooking, dishwashing, making beds, ironing, laundry, changing linens, and taking the garbage out.

Following the accident, plaintiff submitted an application for personal injury protection (PIP) benefits to defendant. In the application, plaintiff reported that she sustained head, neck, and back injuries, and that she had never had the same or a similar condition. Defendant filed a motion for summary disposition, arguing that plaintiff was not entitled to payment for Butler's replacement services under the fraud exclusion provision in the insurance policy between plaintiff and defendant. Defendant argued that plaintiff submitted replacement service affidavits, wherein Butler reported that he performed replacement services for plaintiff while plaintiff was

on vacation for parts of May, July, September, and October of 2016. The trial court concluded that replacement services were intended to benefit the injured person who cannot take care of himself or herself, and granted summary disposition in favor of defendant because plaintiff would not have performed the chores herself while on vacation. Plaintiff now appeals.

## II. DISCUSSION

Plaintiff argues that the trial court erred in granting summary disposition in favor of defendant because there was a genuine issue of material fact regarding plaintiff's fraudulent statements about the replacement services. We find that there was no genuine issue of fact regarding plaintiff's fraudulent statements concerning replacement services and her prior back and neck issues.

This Court reviews a trial court's decision to grant or deny summary disposition de novo. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). In addressing a motion under this subrule, the court "must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "A motion for summary disposition under MCR 2.116(C)(10) shall be granted if there is no genuine issue regarding any material fact and the movant is entitled to judgment as a matter of law." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). Statutory interpretation is a question of law that this Court reviews de novo. *Paige v City of Sterling Hts*, 476 Mich 495, 504; 720 NW2d 219 (2006).

The insurance policy between plaintiff and defendant contained a fraud exclusion, which provided:

We may void this policy or deny coverage if **you** or an **insured** person:

(a) Knowingly made incorrect statements or representations to us with regard to any material fact or circumstance;

(b) Concealed or misrepresented any material fact or circumstance; or

(c) Engaged in fraudulent conduct;

at the time of application or at any time during the policy period or in connection with the presentation or settlement of a claim.

"The rules of contract interpretation apply to the interpretation of insurance contracts." *McGrath v Allstate Ins Co*, 290 Mich App 434, 439; 802 NW2d 619 (2010). "The language in an insurance contract should be read as a whole, and we construe the language to give effect to every word, clause, and phrase." *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 424; 864 NW2d 609 (2014). A contract that is unambiguous must be enforced according to its specific terms. *Id*.

"Generally, whether an insured has committed fraud is a question of fact for a jury to determine." *Meemic Ins Co v Fortson*, 324 Mich App 467, 473; 922 NW2d 154 (2018), lv gtd 926 NW2d 805 (2019). "However, under some circumstances, a trial court may decide as a matter of law that an individual committed fraud." *Id.*, citing *Bahri*, 308 Mich App at 425-426. An insurer has the burden of proof to demonstrate that a fraud exclusion in an insurance policy applies because "[r]eliance on an exclusionary clause in an insurance policy is an affirmative defense[.]" *Shelton v Auto Owners Ins Co*, 318 Mich App 648, 657; 899 NW2d 744 (2017). "Thus, to obtain summary disposition the insurer must show that there is no question of material fact as to any of the elements of its affirmative defense." *Id.* The requirements for establishing fraud are as follows:

> To void a policy because the insured has wilfully misrepresented a material fact, an insurer must show that (1) the misrepresentation was material, (2) that it was false, (3) that the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4) that the insured made the material misrepresentation with the intention that the insurer would act upon it. A statement is material if it is reasonably relevant to the insurer's investigation of a claim. [*Bahri*, 308 Mich App at 424-425, quoting *Mina v Gen Star Indemnity Co*, 218 Mich App 678, 686; 555 NW2d 1 (1996), rev'd in part on other grounds by 455 Mich 866 (1997).]

The trial court focused on the replacement services that Butler purportedly provided while plaintiff was on multiple vacations when it determined the issue of fraud. Under the no-fault act, insurers are required to provide PIP benefits for certain expenses and losses. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). PIP benefits include:

> Expenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he or she had not been injured, an injured person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or herself or of his or her dependent. [MCL 500.3107(1)(c).]

The benefits in MCL 500.3107(1)(c) are referred to as "replacement services." *Johnson*, 492 Mich at 180. Replacement services are "[s]ervices that were required both before and after the injury, but after the injury can no longer be provided by the injured person himself or herself *because* of the injury[.]" *Id*.

Plaintiff took four vacations during 2016 to the following locations: New Orleans, Louisiana in May; Las Vegas, Nevada in July; Cancun, Mexico, in September; and Minneapolis, Minnesota in October. She testified that since the accident, she believes she also went to Melbourne, Florida with her daughter and perhaps on a cruise with her daughter as well. During plaintiff's vacations, she went on a helicopter ride, went dancing, and went on a boat ride, among

other things.[1]  Also during these vacations, Butler remained in Michigan, where he reportedly performed replacement services.  Although plaintiff could not remember the exact dates of her vacations, it is evident that plaintiff submitted forms claiming that Butler performed some services while plaintiff was on vacation.

The submitted, signed replacement services forms show that plaintiff was claiming replacement services for every day beginning the date of the accident, and continuing through October of 2017, with the exception of four days: two in September of 2016, one in of February of 2017, and one in August of 2017.  Butler testified that the forms were accurate.  In the May, 2016 form, plaintiff claimed that Butler performed services such as cooking, dishwashing, vacuuming, dusting, laundry, changing linens, ironing, making beds, and taking the garbage out.  The July 2016, September 2016, and October 2016 forms show similar services.  Plaintiff testified that her son provided these replacement services because she was unable to do those things, either mentally or physically.

According to MCL 500.3107(1)(c), an injured person may recover PIP benefits for replacement services that, "if he or she had not been injured, *an injured person would have performed . . . .*" (Emphasis added).  Plaintiff's argument that the replacement services Butler provided needed to be done, regardless of whether plaintiff was home, contradicts the plain language of MCL 500.3107(1)(c).  While plaintiff was on her vacations, she would not have taken the garbage out, done the laundry, vacuumed, cooked, washed the dishes, or performed any of the other household services that Butler purportedly performed at her home and in her stead while she was on those vacations.  In accordance with MCL 500.3107(1)(c), it is irrelevant which replacement services Butler performed while plaintiff was on vacation because it is impossible that plaintiff "would have performed" any of the claimed services herself while she was in New Orleans, Las Vegas, Cancun, or Minneapolis.  Therefore, plaintiff misrepresented her claims for replacement services.[2]

In addition, plaintiff claimed back, neck, and head injuries as a result of the accident.  In her application for benefits, plaintiff checked the box for "no" in answer to the question "have you ever had the same or similar condition."[3]  Plaintiff also testified at deposition that she never

---

[1] Plaintiff testified that since the accident, she has also been to a movie theater, sang on stage, went to a Pistons game, went to a boxing gym to work out two to three times a week for 45 minutes to an hour, from February of 2016 through June of 2017, danced in a dance class once per week, appeared in dance performances sometime in 2016, and went to a Prince tribute concert in October of 2016.

[2] Additionally, plaintiff submitted an application for Social Security disability income in July of 2016, wherein she stated that she could independently cook meals, wash dishes, do the laundry, iron, and clean.  Plaintiff reported that she does not need help or encouragement to do these activities.  Plaintiff's statements in her application directly contradict her assertions to defendant that she needed these services performed for her as replacement services.

[3] Although plaintiff argues that her prior back and neck pain was not the result of an injury, and therefore, was not required to be disclosed in the initial application for benefits, the question in

had a head, neck, or back injury prior to the accident at issue. However, medical records show that in 2007, she complained of lower back pain that occurred "all the time" as well as upper neck and back issues. In 2010 she also reported severe low back pain such that she could not go to work and reported mid-back, lower back, and neck pain from March of 2012 forward, undergoing treatment for the same. Plaintiff thus misrepresented whether she had previously experienced "the same or a similar condition."

The above misrepresentations allow defendant to void its policy because all elements necessary to establish fraud are present. Plaintiff's representations concerning her injuries and need for replacement services were material because they were directly relevant to defendant's payment for the replacement services and to whether the accident caused or exacerbated a previous condition. *Bahri*, 308 Mich App at 424. The representations were false, as indicated above, and plaintiff knew that the representations were false or, at the very least, plaintiff recklessly made the misrepresentations without knowledge of their truth. *Id*. Plaintiff clearly had back and neck issues prior to the accident, and it was unreasonable that plaintiff would expect replacement services during her vacations because she would not be expected to vacuum, take out the garbage at her home, cut the grass at her home, or wash dishes at home (among other claimed services) herself while she was on vacation. Finally, plaintiff made the material misrepresentations with the intent that defendant would act upon them because plaintiff submitted Butler's replacement service affidavits so that defendant would pay for the replacement services and submitted a claim for back and neck injuries asserting that she never had a similar back or neck issue prior to the accident with the intention that defendant would approve plaintiff's application for PIP benefits. Accordingly, "[r]easonable minds could not differ in light of this clear evidence that plaintiff made fraudulent representations for purposes of recovering PIP benefits." *Bahri*, 308 Mich App at 426. Therefore, the trial court did not err when it granted summary disposition in favor of defendant. And, although the trial court granted summary disposition in favor of defendant on the basis of plaintiff's fraudulent replacement services, summary disposition was also appropriate on the basis of plaintiff's fraudulent application for benefits.

Affirmed.


/s/ Stephen L. Borrello
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto

---

the application asked plaintiff whether she "ever had the same or a similar condition[.]" The application did not ask whether plaintiff ever had the same or a similar *injury*.